R.E. HAASE and PRH Investments,
Inc., Petitioners,

v.

Joseph K. GLAZNER, Respondent.

No. 00–1076.

Supreme Court of Texas.

Argued Oct. 19, 2001.

Decided Nov. 29, 2001.

Rehearing Overruled Jan. 17, 2002.

Bradley R. Echols, Gary Shaver, Boon, Shaver, Echols & Coleman, Longview, for Petitioner.

Kenneth L. Ross, Ross Hudgens & Associates, Longview, John R. Mercy Carter & Elliott, Texarkana, for Respondents.

Justice ENOCH delivered the opinion of the Court.

This case requires us to decide whether a party can maintain a claim based on either fraud or fraudulent inducement when that claim is premised on a contract that the Statute of Frauds makes unenforceable. We hold that a plaintiff cannot assert a fraudulent inducement claim in the absence of a contract. We further hold that under the facts of this case, to the extent that Glazner seeks to recover the benefit-of-the-bargain damages related to a contract that is unenforceable under the Statute of Frauds, the Statute bars the fraud claim, but that Glazner's fraud claim for out-of-pocket damages, if any, may survive the Statute of Frauds. We therefore affirm the court of appeals' judgment in part, reverse in part, and render judgment that Glazner take nothing on his fraudulent inducement claim and on his fraud claim to the extent that he seeks benefit-of-the-bargain damages.

Petitioner R.E. Haase owns the Whataburger franchise rights for the City of Longview. In 1992, respondent Joseph K. Glazner went to work for Haase as a man-ager trainee. By the end of 1992, Glazner had been promoted to supervisor for Haase's five Longview Whataburger restaurants. Glazner alleges that in 1994, he and Haase entered into a contract in which Haase agreed to allow Glazner to build an additional Whataburger in south Longview, in Haase's franchise area. According to Glazner, Haase promised to help Glazner secure a franchise by guaranteeing the success of Glazner's proposed new restaurant to Whataburger Inc., the corporate franchisor. Glazner further claims that Haase agreed to sell Glazner his restaurants when Haase decided to retire, and that Glazner agreed to sell Haase his proposed restaurant should he ever decide to sell "for some reason." Glazner asserts that the consideration to Haase for this agreement was to be two percent of the net sales from Glazner's new restaurant. Glazner argues that the contract's terms appear in three letters to Whataburger either signed by Haase or incorporated by reference in a letter that Haase signed, along with a proposed cash-flow statement Glazner prepared assuming a payment to Haase of two percent of projected net sales.

In May 1995, Glazner quit working for Haase. He never obtained a Whataburger franchise. The record shows that Whataburger did not grant any new franchises during the time that Glazner worked for Haase. In November 1996, Haase was granted a Whataburger franchise for a south Longview location. He opened a restaurant there in June 1997.

Glazner sued Haase, alleging breach of contract, fraud, fraudulent inducement, and unjust enrichment. Glazner named as defendants both Haase and PRH Investments, Inc., a corporation that Haase and his wife formed, alleging that Haase and PRH were jointly and severally liable and that the corporate veil should be pierced

because Haase had not observed appropriate corporate formalities. Haase moved for summary judgment on the following grounds: 1) the alleged contract is unenforceable because of the Statute of Frauds;[1] 2) the Statute of Frauds bars Glazner's fraud claims; 3) Glazner offered no evidence of a valid contract; 4) there is no cause of action for unjust enrichment; and 5) Glazner offered no evidence to support piercing the corporate veil. The trial court granted summary judgment without specifying the grounds for its decision.

Glazner appealed. The court of appeals upheld the summary judgment on all claims except those for fraud and fraudulent inducement. With respect to the breach of contract claim, the court of appeals noted that there was no dispute that the Statute of Frauds applied to the alleged contract because it was both a promise to answer for another's debt and an agreement that could not be performed within one year.[2] The Court concluded that no writing existed that satisfied the Statute.[3] Moreover, the court reasoned, the agreement did not satisfy the Statute of Frauds because it was not final.[4] Rather, the letters Glazner relied on showed ongoing negotiations, not a binding agreement.[5] Thus, the court of appeals affirmed summary judgment on the breach of contract claim because there was no enforceable contract. Glazner does not challenge that ruling.

The court of appeals further held that the Statute of Frauds does not bar Glazner's claims for fraud and fraudulent inducement because of this Court's opinion in *Formosa Plastics Corporation USA v. Presidio Engineers and Contractors, Inc.*[6] Citing *Formosa Plastics*, the court reasoned that Glazner's fraud and fraudulent inducement claims alleged a breach of legal duties completely independent of those under the alleged contract.[7] Thus, the court of appeals determined that the trial court erred in granting summary judgment on those claims and remanded them to the trial court.[8]

■ We granted Haase's petition for review. He asserts that the court of appeals erred by permitting Glazner to assert a fraudulent inducement claim when there is no contract, and by holding that the Statute of Frauds does not bar Glazner's fraud claim because of *Formosa Plastics*. When reviewing a summary judgment under Rule 166a(c), we consider whether the successful movant in the trial court carried its burden to show that there is no genuine issue of material fact and that judgment should be granted as a matter of law.[9] We take all evidence favorable to the nonmovant as true, and we make all reasonable inferences in the nonmovant's favor.[10]

■ We first consider Haase's contention that the court of appeals erred in concluding that Glazner may assert a fraudulent inducement claim in the absence of a contract. Haase argues that by

1. *See* Tex. Bus. & Com.Code § 26.01.

2. 61 S.W.3d 10, 14; *see also* Tex. Bus. & Com. Code §§ 26.01(b)(2), (b)(6).

3. 61 S.W.3d 10, 14.

4. *Id.* at 15.

5. *Id.*

6. 960 S.W.2d 41 (Tex.1998).

7. 61 S.W.3d at 15 (citing *Formosa Plastics*, 960 S.W.2d at 52).

8. *Id.* at 16.

9. *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999).

10. *Id.*

its nature a fraudulent inducement claim presupposes that a party has been induced to enter a contract. When a party has not been induced into a contract, he asserts, there is no detrimental reliance and therefore no fraudulent inducement claim. We agree.

■■■ As we observed in *Formosa Plastics*, "Texas law has long imposed a duty to abstain from inducing another to enter into a contract through the use of fraudulent misrepresentations." [11] Certainly there can be no breach of that duty when one is not induced into a contract. More significantly, proof that a party relied to its detriment on an alleged misrepresentation is an essential element of a fraud claim. [12] Without a binding agreement, there is no detrimental reliance, and thus no fraudulent inducement claim. That is, when a party has not incurred a contractual obligation, it has not been induced to do anything. At least two courts of appeals have previously reached this conclusion. [13]

Here, the court of appeals concluded that the parties never reached a final agreement; rather, the letters that make up the alleged contract simply evidence ongoing negotiations. [14] Glazner does not challenge this conclusion before us, and it is fatal to his fraudulent inducement claim. Thus, the court of appeals erred when it

reversed the summary judgment on Glazner's fraudulent inducement claim.

■■■ We next consider Haase's argument that the court of appeals erred in holding that the Statute of Frauds does not bar Glazner's fraud claim because of *Formosa Plastics*. Haase relies on several opinions from the courts of appeals holding that the Statute of Frauds bars a fraud claim when, as here, the plaintiff seeks to obtain the benefit of an otherwise unenforceable bargain. [15] Glazner counters that *Formosa Plastics* reaffirmed that tort damages for fraud can be recovered even where the plaintiff suffers only economic loss related to the contract's subject matter. [16] Again, we agree with Haase.

■■■ In *Formosa Plastics*, we concluded that Presidio could bring a fraudulent inducement claim even though its damages consisted only of economic losses related to the performance and subject matter of the parties' contract. [17] Some of our language in that opinion suggests that there is no distinction between a claim for fraud and one for fraudulent inducement. [18] Fraudulent inducement, however, is a particular species of fraud that arises only in the context of a contract and requires the existence of a contract as part of its proof. That is, with a fraudulent inducement claim, the elements of fraud must be estab-

**11.** 960 S.W.2d at 46.

**12.** *See Eagle Prop., Ltd. v. Scharbauer,* 807 S.W.2d 714, 723 (Tex.1990).

**13.** *John Wood Group USA, Inc. v. ICO, Inc.,* 26 S.W.3d 12, 24 (Tex.App.—Houston [1st Dist.] 2000, pet. denied); *Coastal Corp. v. Atlantic Richfield Co.,* 852 S.W.2d 714, 720 (Tex.App.—Corpus Christi 1993, no writ).

**14.** 61 S.W.3d at 15.

**15.** *Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp.,* 994 S.W.2d 830, 837

(Tex.App.—Houston [1st Dist.] 1999, no pet.); *Leach v. Conoco, Inc.,* 892 S.W.2d 954, 960 (Tex.App.—Houston [1st Dist.] 1995, writ dism'd w.o.j.); *Collins v. Allied Pharmacy Mgmt., Inc.,* 871 S.W.2d 929, 936 (Tex.App.—Houston [14th Dist.] 1994, no writ); *Webber v. M.W. Kellogg Co.,* 720 S.W.2d 124, 129 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.).

**16.** 960 S.W.2d at 47.

**17.** *Id.*

**18.** *See, e.g., id.* at 44, 46–47.

lished as they relate to an agreement between the parties. *Formosa Plastics* involved a fraudulent inducement claim based on representations contained in the bid packet upon which Presidio based its contract offer, which resulted in a written contract between the parties. Thus, the case was correctly decided as to fraudulent inducement. Although economic losses may be recoverable under either fraud or fraudulent inducement, *Formosa Plastics* should not be construed to say that fraud and fraudulent inducement are interchangeable with respect to the measure of damages that would be recoverable.

Moreover, nothing in *Formosa Plastics* prevents the Statute of Frauds from precluding a fraud claim that seeks to recover the benefit of an unenforceable bargain. The Statute simply was not an issue in that case—neither party argued that the Statute of Frauds had anything to do with enforcing the parties' contract. As a result, in *Formosa Plastics* we had no occasion to consider the Statute of Frauds' effect on a fraud claim premised on an unenforceable contract.

This Court did, however, consider that question in *Nagle v. Nagle.*[19] In that case, the plaintiff sued her former husband to enforce his oral promise to convey to her his half-interest in their home. She alleged fraud and sought specific performance or damages from his failure to perform. The jury found for the plaintiff, and the court of appeals affirmed. This Court reversed, because enforcing an oral promise to convey land despite the Statute of Frauds would render the statute meaningless.[20]

■ That same reasoning holds true here. If in the face of the Statute of Frauds we permit Glazner's fraud claim to the extent he seeks to recover the benefit of the unenforceable bargain, we deprive the Statute of any effect. The Statute exists to prevent fraud and perjury in certain kinds of transactions by requiring agreements to be set out in a writing signed by the parties.[21] But that purpose is frustrated and the Statute easily circumvented if a party can use a fraud claim essentially to enforce a contract the Statute makes unenforceable. We therefore hold that the Statute of Frauds bars a fraud claim to the extent the plaintiff seeks to recover as damages the benefit of a bargain that cannot otherwise be enforced because it fails to comply with the Statute of Frauds.

But Glazner's fraud claim may not contravene the Statute of Frauds to the extent that he seeks out-of-pocket damages incurred in relying upon Haase's alleged misrepresentations.[22] With respect to such damages, Glazner is not attempting to enforce the otherwise unenforceable contract. Relying on Glazner's deposition testimony, Haase argues that Glazner's only alleged damages are the lost profits from the franchise he never secured. But Glazner's petition is not so limited. Rather, Glazner's petition alleges that he made

---

19. 633 S.W.2d 796 (Tex.1982).

20. *Id.* at 801; *see also Wade v. State Nat'l Bank,* 379 S.W.2d 717, 720 (Tex.Civ.App.—El Paso 1964, writ ref'd n.r.e.).

21. *See* RESTATEMENT (SECOND) OF CONTRACTS § 131 cmt. c (1981); 9 WILLISTON ON CONTRACTS § 21:1 (4th ed.1999); *see also Hooks v. Bridgewater,* 111 Tex. 122, 229 S.W. 1114, 1116 (1921).

22. *See Carr v. Christie,* 970 S.W.2d 620, 625 (Tex.App.—Austin 1998, pet. denied); *see also Collins v. McCombs,* 511 S.W.2d 745, 747 (Tex.Civ.App.—San Antonio 1974, writ ref'd n.r.e.); *General Corp. v. General Motors Corp.,* 184 F.Supp. 231, 235 (D.Minn.1960); *cf.* RESTATEMENT (SECOND) OF CONTRACTS § 139 (1981).

"efforts concerning demographics, decor, potential profits, and location." And the summary judgment record reveals that Glazner hired a surveyor and entered into an earnest-money contract for a site on which he proposed to build his restaurant. These kinds of damages are not part of the benefit of any alleged bargain between the parties.

Haase did not move for summary judgment on the grounds that there was no evidence of damages aside from lost profits.[23] Nor did he move for summary judgment on the grounds that there was no evidence of reasonable reliance. Consequently, under the circumstances presented here, Glazner's fraud claim may survive Haase's motion for summary judgment to the extent that he seeks to recover these kinds of out-of-pocket damages.

 Haase points out that the trial court granted his special exceptions to Glazner's petition and ordered Glazner to replead, specifically stating the maximum amount of damages claimed, the factual basis underlying the alleged material misrepresentations, and the factual and legal basis underlying Haase's alleged common-law and statutory fraud. Glazner never did. Haase asserts that Glazner's failure to replead is grounds for upholding the summary judgment on both the fraud and fraudulent inducement claims, citing our opinion in *Friesenhahn v. Ryan.*[24] While Haase is correct that summary judgment may be granted when a party is ordered to replead and fails to,[25] we again note that Haase did not move for summary judgment on this ground. We therefore cannot uphold the summary judgment on that basis.[26]

In sum, we hold that a plaintiff cannot assert a fraudulent inducement claim when there is no contract. We further hold that under the facts of this case, to the extent that Glazner seeks to recover the benefit-of-the-bargain damages related to a contract that is unenforceable under the Statute of Frauds, the Statute bars the fraud claim, but that Glazner's fraud claim for out-of-pocket damages, if any, may survive the Statute of Frauds. We therefore reverse the court of appeals' judgment insofar as it remands Glazner's fraudulent inducement claim and his fraud claim for benefit-of-the-bargain damages, and render judgment that Glazner take nothing on those claims. We otherwise affirm the court of appeals' judgment.

---

23. *See* Tex.R. Civ. P. 166a(i).

24. 960 S.W.2d 656, 658 (Tex.1998).

25. *Id.*

26. *See McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 341 (Tex.1993).