Opinion issued April 14, 2005





     





In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01206-CV




SHARLOTTE JACKSON AND AS NEXT FRIEND OF SHEMICA
JACKSON, ASHLEY LINDSAY, AND PRECIOUS SIMON, Appellant

V.

FS / CAMELOT SHERWOOD D/B/A KNIGHTS LANDING, Appellee




On Appeal from the 61st District Court
Harris County, Texas
Trial Court Cause No. 2002-37073




MEMORANDUM OPINION

          Appellant Sharlotte Jackson, in her personal capacity and as next friend of
Shemica Jackson, Ashley Lindsay, and Precious Simon, brought suit against appellee,
FS / Camelot Sherwood d/b/a Knights Landing (“FS Camelot”), for negligence,
breach of contract and lease, and breach of the covenant to repair or remedy. In three
points of error, appellant contends the trial court erred in granting FS Camelot’s no-evidence motion for summary judgment.
          We reverse and remand. 
BACKGROUND
          In her original and first amended petition, appellant alleged that she, as tenant,
had entered into a lease with FS Camelot as landlord. Appellant stated that she had
repeatedly complained that sewage had backed up into her apartment and that leaks
in the ceiling flooded her apartment. Appellant contended that FS Camelot did not
provide adequate relief and did not replace the carpet in her apartment. Appellant
stated that, as a result of the wet and dirty carpet, she and her children—Shemica,
Ashley, and Precious—became ill and sought medical attention. 
          In her first amended petition, appellant set forth three causes of action. First,
she argued that FS Camelot was negligent because, as a landlord, it “had a duty to
exercise the degree of care that a reasonably careful person would use to avoid harm”
to tenants under similar circumstances. In her second cause of action, appellant
contended that she and FS Camelot signed a written lease which provided that FS
Camelot would act with customary diligence to keep common areas reasonably clean;
maintain fixtures, furniture, air conditioning, and hot water; substantially comply with
all laws regarding safety, sanitation, and fair housing; and make all necessary repairs. 
Appellant contended that FS Camelot failed to act with customary diligence in curing
the problems and thereby breached the lease contract. In her third cause of action,
appellant asserted that FS Camelot breached the covenant to repair or remedy. 
Appellant contended that Texas Property Code section 95.052 requires FS Camelot
to make diligent efforts to repair or remedy appellant’s complaints. See Tex. Prop.
Code Ann. § 92.052 (Vernon 1995).
          In its answers to appellant’s first amended petition, FS Camelot denied all of
appellant’s allegations, demanded specific proof, and asserted a general denial
pursuant to Rule 92 of the Rules of Civil Procedure. Tex. R. Civ. P. 92. With its
answer to appellant’s amended petition, FS Camelot filed a no-evidence motion for
summary judgment. FS Camelot’s motion stated an “adequate time for discovery has
passed and [appellants] . . . have failed to establish any evidence of acts of
negligence, or breach of lease/contract or covenant to repair or remedy.” After noting
the standard of review for a no-evidence summary judgment, FS Camelot then stated
that it 
has the burden to show there is no evidence to support one or more
material elements of [appellant’s] causes of action or theory of recovery.
. . . The Court must grant FS Camelot’s motion for Summary Judgment
unless [appellant] can produce summary judgment evidence raising a
genuine issue of material fact as to each element of their causes of action
or theory of recovery. . . . [T]here is no evidence to support one or more
elements of [appellant’s] causes of action against FS Camelot.

          In her response to FS Camelot’s no-evidence motion for summary judgment,
appellant raised two objections. First, she argued that the motion was untimely
because it was filed after the date set in the trial court’s docket control order for no-evidence motions for summary judgment. Second, appellant argued that FS
Camelot’s motion did not specifically challenge the evidence supporting the elements
of her causes of action as required by Rule 166a(i) of the Texas Rules of Civil
Procedure. See Tex. R. Civ. P. 166a(i). Appellant then argued that her affidavit,
attached to the response, raised more than a scintilla of evidence to support
appellant’s causes of action. The trial court granted FS Camelot’s no-evidence
motion for summary judgment with prejudice.
          Appellant filed a motion for new trial. In her new trial motion and at the
hearing on the motion for new trial, appellant restated her two objections to FS
Camelot’s no-evidence motion for summary judgment. Appellant’s attorney
requested that the trial court rule on the objections. The trial court overruled
appellant’s objections and denied the motion for new trial. This appeal followed.
DISCUSSION
          No-Evidence Motion for Summary Judgment
          In her third point of error, appellant contends that the trial court erred in
overruling her objection that FS Camelot’s no-evidence motion for summary
judgment did not specifically challenge any of the elements of appellant’s causes of
action.
          Rule 166a(i) states that, after an adequate time for discovery, the party without
the burden of proof may move for summary judgment, with or without presenting
evidence, on the basis that there is no evidence to support an essential element of the
non-moving party’s claim or affirmative defense. Tex. R. Civ. P. 166a(i); Johnson
v. Brewer & Pritchard, P. C., 73 S.W.3d 193, 207 (Tex. 2002). The movant must
specifically state the element or elements as to which there is no evidence. Tex. R.
Civ. P. 166a(i); Callaghan v. Ranch, LTD. v. Killam, 53 S.W.3d 1, 3 (Tex. App.—San
Antonio 2000, pet. denied); Weaver v. Highlands Ins. Co., 4 S.W.3d 826, 829 n.2
(Tex. App.—Houston [1st Dist.] 1999, no pet.). When a no-evidence motion for
summary judgment does not specifically state which elements lack evidence, the
motion should be treated as a motion for a traditional summary judgment. Amouri v.
Southwest Toyota, Inc., 20 S.W.3d 165, 168 (Tex. App.—Texarkana 2000, pet.
denied); Weaver, 4 S.W.3d at 829 n.2. 
          Here, appellant alleged three causes of action: (1) negligence; (2) breach of a
contract and lease; and (3) breach of a covenant to repair or remedy as established by
Texas Property Code section 92.052. The elements of a negligence cause of action
are that: (1) the defendant owed a legal duty to the plaintiff; (2) the defendant
breached the duty; and (3) the breach proximately caused the plaintiff’s injuries. Van
Horn v. Chambers, 970 S.W.2d 542, 544 (Tex. 1998). The elements of a breach of
contract are that (1) the plaintiff and defendant had a valid, enforceable contract; (2)
the plaintiff performed or tendered performance of his contractual obligations; (3) the
defendant breached the contract; and (4) the defendant’s breach caused the plaintiff’s
injuries. Wright v. Christian & Smith, 950 S.W.2d 411, 412 (Tex. App.—Houston
[1st Dist.] 1997, no pet.). Texas Property Code section 95.052 states 
A landlord shall make a diligent effort to repair or remedy a condition
if:
 
(1) the tenant specifies the condition in a notice to the person to whom
or to the place where rent is normally paid;
 
(2) the tenant is not delinquent in the payment of rent at the time the
notice is given; and
 
(3) the condition materially affects the physical health or safety of an
ordinary tenant.

Tex. Prop. Code Ann. § 92.052 (Vernon 1995).
          In its no-evidence motion for summary judgment, FS Camelot did not
specifically challenge any of the elements stated above. Because it did not satisfy the
specificity requirement of Rule 166a(i), we construe FS Camelot’s motion as a
traditional motion for summary judgment. Amouri, 20 S.W.3d at 168; Weaver, 4
S.W.3d at 829 n.2.
          Traditional Motion for Summary Judgment
          We review a trial court’s granting of a traditional summary judgment de novo. 
Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994). A summary judgment
under Rule of Civil Procedure 166a(c) is properly granted only when a movant
establishes that there are no genuine issues of material fact, and the movant is entitled
to judgment as a matter of law. Tex. R. Civ. P. 166a(c); Haase v. Glazner, 62 S.W.3d
795, 797 (Tex. 2001). A defendant moving for summary judgment must either (1)
conclusively negate an essential element of a plaintiff’s cause of action or (2) plead
and conclusively establish each essential element of an affirmative defense to rebut
the plaintiff’s cause. Cathey v. Booth, 900 S.W.2d 339, 341 (Tex. 1995); Wornick
Co. v. Casas, 856 S.W.2d 732, 733 (Tex. 1993). In deciding whether there is a
disputed material fact precluding summary judgment, every reasonable inference must
be indulged in favor of the non-movant and any doubts resolved in its favor. Nixon
v. Mr. Prop. Mgmt., 690 S.W.2d 546, 548 (Tex. 1985).
          FS Camelot did not attach, nor did it reference, any evidence in its summary
judgment motion to establish that there was no genuine issue of material fact and that
it was entitled to judgment as a matter of law. See Tex. R. Civ. P. 166a(c); Haase, 62
S.W.3d at 797. Thus, the trial court erred in granting FS Camelot’s motion for
summary judgment.
          We sustain appellant’s third point of error.
           Because we are reversing the judgment of the trial court that granted FS
Camelot’s motion for summary judgment, we do not address appellant’s second point
of error, in which appellant contends that the trial court erred in ruling that she had
not met her burden in a no-evidence motion for summary judgment showing that there
was more than a scintilla of evidence on each disputed fact issue. Nor do we reach
appellant’s first point of error, in which she contends that FS Camelot’s motion for
summary judgment was untimely.       
CONCLUSION
          We reverse the judgment of the trial court and remand for further proceedings.
 
 
                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.