In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-111 CV


____________________



GERALD L. KRUDOP, Appellant



V.



BRIDGE CITY STATE BANK and JERRY DAVIDSON, Appellees






On Appeal from the 260th District Court


Orange County, Texas


Trial Cause No. D040023-C






MEMORANDUM OPINION


 Appellant Gerald L. Krudop challenges the propriety of a summary judgment granted
in favor of appellees Bridge City State Bank and Jerry Davidson (collectively "the bank"). 
On appeal, Krudop asserts one general issue with three subparts: 

 (1) The trial court erred in granting summary judgment dismissing all claims
when the bank raised a statute of frauds objection to only one claim. 


 (a) The statute of frauds does not bar a common law fraud claim based
upon fraudulent statements made separately and in addition to an oral
agreement subject to the statute of frauds.


 (b) A tangential modification of a payment arrangement on a real estate
loan does not have to be in writing.


 (c) The statute of frauds does not apply if its application will result in
fraud against a party to an oral agreement. 


Because we conclude that the statute of frauds bars all of Krudop's claims, we affirm the
summary judgment.

FACTS


 Krudop obtained a loan from Bridge City State Bank, which was evidenced by a
promissory note and secured by a deed of trust on a residential subdivision development. 
In addition, Krudop executed statutory disclaimers of oral agreements that complied with
section 26.02(e) of the Texas Business and Commerce Code, contemporaneously with the
original loan documentation, as well as with subsequent renewal and/or extension documents. 
Krudop became delinquent on the interest payments on the loan and the property's ad
valorem taxes. After sending Krudop notices regarding the default, the bank, pursuant to the
loan documents, accelerated the promissory note, posted the property for foreclosure and
foreclosed on the deed of trust. Krudop asserts that upon receipt of each default letter, he
met with Davidson, the bank's president, and that Davidson orally promised him that the
bank would not foreclose on the deed of trust. Davidson denies making Krudop any oral
promises and contends he told Krudop the foreclosure proceeding would occur. 

LITIGATION


 Krudop sued Bridge City State Bank and Davidson for violations of the Texas
Deceptive Trade Practices Act, (1) common law fraud, fraud in a real estate transaction, breach
of contract, and wrongful foreclosure. The causes of action were all premised on the bank's 
breach of the alleged oral agreement to pass the foreclosure. The bank filed a motion for
summary judgment on all causes of action asserted by Krudop and its affirmative defense of
statute of frauds, contending the alleged oral agreement is a loan agreement as defined by
Section 26.02(a)(2) of the Texas Business and Commerce Code. See Tex. Bus. & Com.
Code Ann. § 26.02(a)(2), (b) (Vernon 2002). (2) As such, the bank argues the alleged oral
agreement is subject to the statute of frauds because the Code requires such loan agreements
to be in writing. Any contract subject to the statute of frauds that is not in writing is
unenforceable. See Fed. Land Bank Ass'n of Tyler v. Sloane, 825 S.W.2d 439, 442 (Tex.
1991). Thus, the bank concludes Krudop's causes of action are barred because each stems
from the alleged oral agreement, which was never reduced to a writing and therefore, is
barred by the statute of frauds. 

 In response, Krudop contended Davidson orally agreed to pass on the foreclosure sale
and, as consideration, Krudop agreed to pursue an appeal on his tax liability and implicitly
promised to not file for bankruptcy. Krudop asserted that this agreement was "a separate oral
agreement apart and separate from the underlying loan agreement and is the basis of a valid
contract in Texas." Krudop argued to the trial court primarily that the agreement was not
subject to the statute of frauds because it was a separate agreement from the underlying loan
agreement and could be performed within twelve months pursuant to Tex. Bus. & Com.
Code Ann. § 26.01 (Vernon Supp. 2006). Krudop contended that section 26.02 did not
apply to the alleged oral agreement because there was no offer to extend credit to Krudop and
no obligation for Krudop to pay the ad valorem taxes to the bank. The trial court granted the
bank's motion for summary judgment and Krudop now appeals. 

STANDARD OF REVIEW


 We review the granting of a traditional motion for summary judgment de novo. 
Provident Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003). We must
determine whether the movant carried its burden to establish that there existed no genuine
issue of material fact and that it was entitled to judgment as a matter of law. Shah v. Moss,
67 S.W.3d 836, 842 (Tex. 2001). A defendant moving for summary judgment must disprove
at least one element of a plaintiff's cause of action or establish all elements of an affirmative
defense. Am. Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997). The statute of
frauds is an affirmative defense. See Tex. R. Civ. P. 94. This doctrine precludes the
enforcement of oral loan agreements in excess of $50,000. Tex. Bus. & Com. Code Ann.
§ 26.02(b). We assume all evidence favorable to the nonmovant is true and indulge every
reasonable inference in favor of the nonmovant and resolve any doubts in his favor. (3) Am.
Tobacco Co., 951 S.W.2d at 425. "Once the movant has established a right to summary
judgment, the non-movant must expressly present any reasons seeking to avoid the movant's
entitlement, and must support the reasons with summary judgment proof to establish a fact
issue." Procter v. RMC Capital Corp., 47 S.W.3d 828, 830-31 (Tex. App.--Beaumont 2001,
no pet.) (citing Westland Oil Dev. Corp. v. Gulf Oil Corp., 637 S.W.2d 903, 907 (Tex.
1982)). "Because the trial court's order does not specify the grounds for its summary
judgment, we must affirm the summary judgment if any of the theories presented to the trial
court and preserved for appellate review are meritorious." Knott, 128 S.W.3d at 216.

ANALYSIS


Wrongful Foreclosure and Statutory Fraud


 On appeal, Krudop asserts one general issue complaining of the trial court's dismissal
of all his claims. Although Krudop maintains in his reply brief he has addressed all the
summary judgment grounds, we find no argument or authority on appeal for his claim that
the trial court erred in dismissing his causes of action for wrongful foreclosure and statutory
fraud in a real estate transaction. Krudop's general point of error preserves the opportunity
to argue against all the grounds for the summary judgment, however actual arguments must
still be made to avoid waiver. Smith v. Tilton, 3 S.W.3d 77, 83 (Tex. App.-- Dallas 1999, no
pet.) Consequently, Krudop has waived appellate review of the trial court's dismissal of
these claims. See Tex. R. App. P. 38.1(h). Thus, we affirm judgment on the causes of action
for wrongful foreclosure and statutory fraud in a real estate transaction.

Common Law Fraud


 In issue one, subpart (a), Krudop argues the statute of frauds does not bar his common
law fraud claim because the fraud claim is a separate tort action. "Application of the statute
of frauds to a contract vitiates a fraud claim based on the same facts." Collins v. Allied
Pharmacy Mgmt, Inc., 871 S.W.2d 929, 936 (Tex. App.--Houston [14th Dist.] 1994, no writ). 
"Where a plaintiff alleges a tort based on a verbal agreement and the tort does not rely on the
validity of the agreement or breach thereof, the statute of frauds does not bar the tort claim." 
Digby v. Tex. Bank, 943 S.W.2d 914, 929 (Tex. App.--El Paso 1997, writ denied). 

 To determine whether the tort actions can be maintained, we look to the
substance of the cause of action rather than the manner in which it was
pleaded. Tort obligations are those imposed by law when a person breaches
a duty that is independent from promises made between parties to a contract;
contractual obligations are those that result from an agreement between the
parties, which is breached. If the defendant's conduct would give rise to
liability only because it breaches the parties' agreement, the plaintiff's claim
ordinarily sounds only in contract. If the defendant's conduct would give rise
to liability independent of the fact that an agreement exists between the parties,
the plaintiff's claim may also sound in tort.

1001 McKinney, Ltd. v. Credit Suisse First Boston Mortg. Capital, 192 S.W.3d 20, 28-29
(Tex. App.--Houston [14th Dist.] 2005, pet. denied)(citations omitted). Krudop's common
law fraud claim arises from the bank's alleged breach of a purported agreement to pass the
scheduled foreclosure and thus, Krudop's claim sounds in contract. Because the alleged
agreement was oral, the statute of frauds prohibits proof of the agreement. See Tex. Bus. &
Com. Code Ann. § 26.02(b).

 Further, "the nature of the injury most often determines which duty or duties are
breached. When the injury is only the economic loss to the subject of a contract itself, the
action sounds in contract alone." Jim Walters Homes, Inc. v. Reed, 711 S.W.2d 617, 618
(Tex. 1986). On appeal, Krudop asserts his damages arise from the "financial impact of his
failing to pursue a timely bankruptcy that would have stopped the . . . foreclosure." In
support of its motion for summary judgment, the bank submitted Krudop's responses to
requests for disclosure in which Krudop claimed damages for lost equity, loss of profits, loss
of credit and damage to credit reputation, mental anguish and attorney's fees. The Texas
Supreme Court held in Haase v. Glazner, 62 S.W.3d 795, 799 (Tex. 2001), that "the Statute
of Frauds bars a fraud claim to the extent the plaintiff seeks to recover as damages the benefit
of a bargain that cannot otherwise be enforced because it fails to comply with the Statute of
Frauds." The statute of frauds, however, does not bar a claim for fraud to the extent a party
seeks reliance or out-of-pocket damages because such damages are not part of the benefit of
the alleged bargain between the parties. Id. at 799-800. In response to the bank's motion for
summary judgment, Krudop did not present any evidence of out-of-pocket expenses incurred
in reliance on the alleged fraudulent statements. For these reasons, summary judgment was
proper as to Krudop's common law fraud claim and subpart (a) of Krudop's appellate issue
is overruled. 

Oral Modification of Written Agreement


 In subpart (b), Krudop contends a "tangential" modification of a payment arrangement
on a real estate loan does not have to be in writing. Relying on cases discussing the
enforceability of an oral modification to a written contract subject to the statute of frauds
under section 26.01, Krudop argues such oral agreements by the parties extending the time
of performance from that stated in the written contract are enforceable without committing
the oral agreement to writing. (4) Krudop, however, fails to appreciate the full implication of
section 26.02 of the statute of frauds, the provision under which he executed the promissory
note and deed of trust securing the loan from the bank. Titled "Loan Agreement Must be in
Writing," section 26.02 not only precludes an oral loan agreement in which the amount
involved exceeds $50,000, but limits any determination of the rights and obligations of the
parties solely to the written loan agreement, with any prior oral agreements between the
parties superceded by and merged into the written loan agreement. Tex. Bus. & Com. Code
Ann. § 26.02(b), (c). "Loan agreement" is defined as follows:

 [O]ne or more promises, promissory notes, agreements, undertakings, security
agreements, deeds of trust or other documents, or commitments, or any
combination of those actions or documents, pursuant to which a financial
institution loans or delays repayment of or agrees to loan or delay repayment
of money, goods, or another thing of value or to otherwise extend credit or
make a financial accommodation. 


Id. § 26.02(a)(2). Any agreement to forego or delay foreclosure, as alleged by Krudop,
would fall under the provisions of section 26.02(b), and be included under the definition of
"loan agreement" in section 26.02(a)(2). Additionally, the underlying loan for $330,000 and
the loan renewal for $380,000 exceed the statutory $50,000 threshold. Because the loan
agreements executed by Krudop fully complied with the above-described provisions of
section 26.02, any alleged oral agreement entered into between Davidson and Krudop
subsequent to the execution of the written loan agreement is unenforceable as a matter of
law, regardless of whether or not it materially modifies the underlying written loan
agreements.

 Subsection 26.02(e) requires a financial institution to give a debtor "conspicuous"
notice of the provisions of subsections (b) and (c), with the notice substantially stating the
following:

 This written loan agreement represents the final agreement between the parties
and may not be contradicted by evidence of prior, contemporaneous, or
subsequent oral agreements of the parties.


 There are no unwritten oral agreements between the parties.


Id. § 26.02(e) (footnote omitted); see also id. § 26.02(b), (c). The penalty for failing to
include this "merger clause" in the written loan agreement is to "allow the written contract
to be controverted by parol evidence." Maginn v. Norwest Mortgage, Inc., 919 S.W.2d 164,
168 (Tex. App.--Austin 1996, no writ); see also Digby, 943 S.W.2d at 929. Krudop does not
dispute the fact that the original loan agreements and subsequent renewal and/or extension
documents include the statutory disclaimer of oral agreements, or "merger clause." As such,
the presence of the "merger clause" in loan agreements prohibits the enforceability of any
alleged oral modification of the provisions of the written loan agreements. Indeed, to enforce
the alleged oral agreement in the instant case as Krudop urges would be to eviscerate the
purpose of the Statute of Frauds. See Glazner, 62 S.W.3d at 799 (Purpose of Statute is
frustrated and easily circumvented if a party is permitted to enforce a contract the Statute says
is unenforceable because not in writing and signed by the parties). Subpart (b) is overruled. 


Promissory Estoppel


 Finally, in subpart (c), Krudop argues that the statute of frauds does not apply when
its application will result in fraud against a party to an oral agreement. A review of the cases
Krudop cites for this proposition reveals that Krudop is making a promissory estoppel
argument. See "Moore" Burger, Inc. v. Phillips Petroleum Co., 492 S.W.2d 934 (Tex.
1972); Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114 (1921). Promissory estoppel
may be used to bar the application of the statute of frauds and allow the enforcement of an
otherwise unenforceable agreement. Exxon Corp. v. Breezevale Ltd., 82 S.W.3d 429, 438
(Tex. App.--Dallas 2002, pet. denied) (citing Nagle v. Nagle, 633 S.W.2d 796, 800 (Tex.
1982)). To prevent the granting of summary judgment based upon a statute of frauds defense
under this theory, the nonmovant must present evidence to show the following:

 (1) the movant made an oral promise to sign a written agreement that satisfied
the statute, and the nonmovant foreseeably relied on the promise to his
detriment; or

 (2) the movant orally represented the statute of frauds had been satisfied, and
the nonmovant relied to his detriment on the misrepresentation.

 

Ford v. City State Bank of Palacios, 44 S.W.3d 121, 139 (Tex. App.--Corpus Christi 2001,
no pet.) (citing "Moore" Burger, 492 S.W.2d at 936-37).

 In this case, Krudop has failed to argue or present evidence that the bank made an oral
promise to sign a written agreement that satisfied the statute of frauds or orally represented
the statute of frauds had been satisfied. See id. We hold Krudop failed to produce competent
summary judgment evidence in support of his promissory estoppel contention, and thus, did
not meet his burden of proof to defeat the bank's motion for summary judgment. Subpart (c)
is overruled. Krudop's single issue and all subparts are overruled and the judgment is
affirmed.

 AFFIRMED.

 __________________________________ 
 CHARLES KREGER 
 Justice

Submitted December 1, 2005

Opinion Delivered December 14, 2006


Before Gaultney, Kreger and Horton, JJ.
1. The cause of action for deceptive trade practices was non-suited prior to the trial
court's summary judgment order. 
2. Section 26.02(b) states that a "loan agreement in which the amount involved in
the loan agreement exceeds $50,000 in value is not enforceable unless the agreement is in
writing and signed by the party to be bound or by that party's authorized representative." 
3. As noted, the bank denies that Davidson made the oral promise at issue. 
However, for summary judgment purposes, we will assume Krudop's assertions are true.
4. For this proposition, Krudop refers us to Dracopoulas v. Rachal, 411 S.W.2d 719,
721-22 (Tex. 1967); Joiner v. Elrod, 716 S.W.2d 606, 609-10 (Tex. App.--Corpus Christi
1986, no writ); Vendig v. Traylor, 604 S.W.2d 424, 427 (Tex. Civ. App.--Dallas 1980,
writ ref'd n.r.e.).