In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00099-CV


______________________________




RODNEY M. GNERER AND


DAWN GNERER, Appellants


V.



KAYE JOHNSON AND


ARVEY R. JOHNSON, Appellees



 


On Appeal from the 62nd Judicial District Court


Lamar County, Texas


Trial Court No. 73696




 




Before Morriss, C.J., Carter and Moseley, JJ.


Opinion by Justice Moseley



O P I N I O N



 This is a suit regarding an agreement between Rodney M. Gnerer and Dawn Gnerer as sellers
and Arvey R. Johnson and Kaye Johnson as buyers of real estate in Lamar County. A contract for
deed was entered into between the parties in 1996; the Gnerers maintained that the Johnsons had
defaulted under the contract, that all payments after the default were paid as rentals, and that the
Johnsons had no existing right to purchase under the contract. The Johnsons sued for declaratory
judgment under Chapter 37 of the Texas Civil Practice and Remedies Code, seeking to affirmatively
establish their right to purchase, among other things. After a trial before the court, the Johnsons were
awarded the real estate and the Gnerers have appealed from that order.

FACTS OF THE CASE

 By a contract for deed dated September 6, 1996, the Gnerers as sellers and the Johnsons as
buyers entered into an agreement for the sale and purchase of two tracts of land comprising 19.75
acres of land in Lamar County, Texas, upon which was a dwelling. The contract amount was
$35,000.00, of which $2,000.00 was paid at the time the contract was entered, with the balance of
$33,000.00 bearing interest at ten percent per annum, payable in twenty-three equal monthly
installments of $354.64 each, with a final installment (a "balloon" installment) equal to the then-remaining principal and interest due on the obligation. (1) When the "balloon" installment under the
written contract became due in October 1998, the Johnsons were unable pay the entire sum and
continued to pay monthly installments through July 2005. The Gnerers contended that the failure
of the Johnsons to pay the remaining balance of $30,849.31 due on the twenty-fourth installment
constituted a default and that the Johnsons were thereafter in possession only as tenants at will; the
Gnerers maintained, further, that all payments paid by the Johnsons after the timely twenty-third
installment were only rent.

 In their original petition, filed in March 2005, the Johnsons pleaded that there had been a
novation of the original contract by an oral agreement between them with the Gnerers to simply
continue the monthly installments which had previously been made until full satisfaction of the debt,
that they had made valuable improvements to the realty and maintained possession of the property,
that the Gnerers had failed to provide them an annual accounting as required by Section 5.077 of the
Texas Property Code, (2) that the Gnerers had been guilty of violating the Deceptive Trade Practices
Act (Tex. Bus. & Com. Code Ann. §§ 17.41-.63 (Vernon 2002 & Supp. 2006)), and that they had
been victims of real estate fraud as defined by Tex. Bus. & Com. Code Ann. § 27.01 (Vernon 2002). 
The Gnerers responded by alleging that a breach of the contract for deed had terminated the right to
purchase, that all of the funds paid by the Johnsons after that date had been rentals only, that the
statute of frauds (Tex. Bus. & Com. Code Ann. § 26.01 (Vernon Supp. 2006)) prevented recovery
under any oral agreement for the purchase and sale of real estate, and that the Johnsons' action was
barred by limitations pursuant to Tex. Bus. & Com. Code Ann. § 2.725 (Vernon 1994).

 In a trial to the court, the Johnsons were represented by counsel and Dawn appeared pro se
(from the record, it appears that Rodney was likewise present, but he made no formal
announcement). Kaye testified that, when the time for satisfaction of the balloon installment drew
near, it became apparent that she and Arvey were going to be unable to obtain financing from other
sources to satisfy the remainder of the obligation because the value of the property would not support
such a loan. According to Kaye, in telephone conversations between the two women, Dawn had
indicated that the Johnsons should continue to make monthly installments and that Dawn would have
an attorney draft an addendum to the agreement to evidence the change. It was uncontroverted that,
although the Johnsons had been informed by Dawn that an addendum had, indeed, been drafted and
awaited the Johnsons' signatures at the Gnerers' attorney's office, the Johnsons had refused to go to
the Gnerers' attorney's office to sign it or get it. Kaye indicated to Dawn that such an addendum
should be mailed to her so she could take it to an attorney for review; the precise content of that
proposed addendum was not revealed at trial. Even without the addendum having been signed, the
Johnsons continued to send monthly installments of approximately the same amount as set out in the
contract for deed, with adjustments for late payments, increased taxes, and increased hazard
insurance, and the Gnerers continued to accept the payments. During the Johnsons' stay on the
property, they made valuable improvements to the property, some of which were made after the
maturity date of the written contract and after the date which Dawn had directed Kaye to continue
the monthly installments. Although Dawn said that the Gnerers considered those monthly
installments to have been simply rental installments, the Gnerers' income tax returns reflected that
the installments were reported as being an installment sale of real estate, not rental income. The
monthly installments continued to be paid by the Johnsons and accepted by the Gnerers until after
the suit was filed. A certified public accountant testified that, if the payments had been made in the
manner which Kaye had indicated, the remaining balance after March 2005 (when the payments
apparently ceased), if one assumed the same interest rate for the entire term, would have been
$3,352.63.

 As a result of the hearing, the trial court entered an order which included findings that there
was a written contract entered into between the Johnsons and the Gnerers for the purchase and sale
of the land in controversy, that there had been substantial compliance with the contract by the
Johnsons, that there was an agreement between the parties to extend the time for performance under
the original contract, that there was $5,000.00 still due and owing from the Johnsons to the Gnerers
under the contract, that this sum had already been deposited into the registry of the court by the
Johnsons and, thus, that the Johnsons had fully complied with their obligation under the agreements
for the purchase of the real estate. The judgment then divested the Gnerers of the title to the real
estate and vested the full fee simple title to the real estate in the Johnsons. 

 The Gnerers have appealed from that order. In their pro se brief, there were six points of
error raised, five of which complained of a sufficiency of the evidence (without specification whether
the complaint regards legal insufficiency or whether it regards factual insufficiency) and a sixth
which generally complains of the award of the title to the real estate to the Johnsons. 

STANDARD OF REVIEW

 Simultaneously with the filing of a notice of appeal, the Gnerers also filed a request for
findings of fact and conclusions of law. However, no such findings or conclusions were entered and
no reminder or notice of their lack was filed. After a party makes a request for findings of fact and
conclusions of law pursuant to Rule 296 of the Texas Rules of Civil Procedure and none are timely
filed, it is the duty of the person requesting those findings of fact and conclusions of law to file a
"Notice of Past Due Findings of Fact and Conclusions of Law" under Rule 297. Tex. R. Civ. P. 296,
297. Without this timely reminder, the Gnerers waived any complaint for the failure to file findings
and conclusions and, in fact, did not raise any such objection on appeal. In any event, the failure of
the trial court to prepare and file findings of fact or conclusions of law under Rule 296 does not
require a reversal of the trial court's judgment if the record before the appellate court affirmatively
shows that the complaining party suffered no injury. Las Vegas Pecan & Cattle Co. v. Zavala
County, 682 S.W.2d 254, 256 (Tex. 1984). 

 In this circumstance, it is implied that the trial court made all fact findings necessary to
support its judgment. Sixth RMA Partners, L.P. v. Sibley, 111 S.W.3d 46, 52 (Tex. 2003); BMC
Software Belgium, N.V. v. Marchand, 83 S.W.3d 789, 795 (Tex. 2002); Worford v. Stamper, 801
S.W.2d 108, 109 (Tex. 1990). 

 In considering a legal insufficiency point, we consider only the evidence favorable to the
decision of the trier of fact and disregard all evidence and inferences to the contrary. Davis v. City
of San Antonio, 752 S.W.2d 518, 522 (Tex. 1988); Burroughs Wellcome Co. v. Crye, 907 S.W.2d
497, 499 (Tex. 1995). If there is more than a scintilla of evidence to support the finding, the
no-evidence challenge must fail. Stafford v. Stafford, 726 S.W.2d 14, 16 (Tex. 1987). 

 In considering a factual sufficiency point, we may not substitute our judgment for that of the
trier of fact, but must assess all the evidence and reverse for a new trial only if the challenged finding
shocks the conscience, clearly demonstrates bias, or is so against the great weight and preponderance
of the evidence as to be manifestly unjust. Pool v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex. 
1986); Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986). Under this analysis, we are not fact-finders
and we do not pass upon the credibility of witnesses or substitute our judgment for that of the trier
of fact, even if there is conflicting evidence upon which a different conclusion could be supported. 

Clancy v. Zale Corp., 705 S.W.2d 820, 826 (Tex. App.--Dallas 1986, writ ref'd n.r.e.).

 In a trial to the court in which no findings of fact or conclusions of law are filed, the trial
court's judgment implies all findings of fact necessary to support it. Pharo v. Chambers County,
Tex., 922 S.W.2d 945, 948 (Tex. 1996). When a reporter's record is filed, however, these implied
findings are not conclusive and an appellant may challenge them by raising both legal and factual
sufficiency of the evidence issues. Marchand, 83 S.W.3d at 795. When such issues are raised, the
applicable standard of review is the same as that to be applied in the review of jury findings or a trial
court's findings of fact. Roberson v. Robinson, 768 S.W.2d 280, 281 (Tex. 1989). An assertion that
the evidence is factually insufficient to support a fact finding means that the evidence supporting the
finding is so weak or the evidence to the contrary is so overwhelming that the answer should be set
aside and a new trial ordered. Garza v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965). We are required
to consider all of the evidence in the case in making this determination, not just the evidence that
supports the finding. Mar. Overseas Corp. v. Ellis, 971 S.W.2d 402, 406-07 (Tex. 1998). In
reviewing the evidence, we accord due deference to the trial court, which, as the trier of fact
presented with conflicting testimony, is the sole judge of the credibility of the witnesses and the
weight to be given their testimony. Sw. Bell Media, Inc. v. Lyles, 825 S.W.2d 488, 493 (Tex.
App.--Houston [1st Dist.] 1992, writ denied). As the sole trier of fact, the trial court is free to
believe one witness and disbelieve others; the court may resolve inconsistencies in a witness's
testimony. Id.

ANALYSIS

 The pro se brief filed by the Gnerers has mixed and muddled points of error; its structure
defies the process of breaking it into a logical point-by-point analysis. As a consequence, the points
raised are treated here more in a discussion than is customary.

 The evidence is clear that the provisions of the original written contract were not satisfied
by the Johnsons because they failed to pay the final installment prescribed in it. The evidence is also
undisputed that the Johnsons continued to make a substantial number of monthly installments for
a period of about seven years after the date that the "balloon" payment was due to have been paid. 
In addition, it was shown that the Johnsons were in possession of the property and made substantial
improvements to it, some of which were made before the "balloon" payment was due and some of
which were made thereafter. The area of dispute lies with the characterization of the monthly
installments which were made by the Johnsons to the Gnerers after the "balloon" payment was due. 
On the one hand, the Johnsons maintain that these payments were made under an oral agreement to
modify the contract to permit the Johnsons to continue the monthly installments under the fifteen-year amortization of the original purchase amount; on the other hand, the Gnerers argue that no
agreement was ever reached to extend the payments and that the installments were nothing more than
mere payment of rents.

 The trial court, having the ability to hear the evidence and to gauge the credibility of the
witnesses, is in a far superior position to weigh the conflicting evidence than a court of appeals. The
evidence presented at the bench trial was both legally and factually sufficient to sustain a finding that
an oral agreement existed to extend the payment terms, that the Johnsons were in possession of the
property, and that the Johnsons made valuable improvements to the property in reliance upon the oral
agreement. The only issue which does not seem to have support in the evidence is the award of
$5,000.00 to the Gnerers as the outstanding balance due to them under the parol agreement, the
evidence seemingly supporting the amount of $3,352.63 being due; however, neither party raises an
issue concerning this apparent excess. 

 The Gnerers interpose Sections 2.725 and 26.01 of the Texas Business and Commerce Code
as bars to recovery by the Johnsons.

 Section 26.01 of the Texas Business and Commerce Code is Texas's statutory embodiment
of what is known as the statute of frauds, requiring certain contracts (including a contract for the sale
of real estate) to be in writing. However, some exceptions exist to the general application of the
statute of frauds. Texas has long recognized that some situations exist wherein "the nonenforcement
of the contract - or the enforcement of the statute - would, itself, plainly amount to a fraud." Hooks
v. Bridgewater, 111 Tex. 122, 127, 229 S.W. 1114, 1116 (1921). Very narrowly applied, Hooks
requires the existence of three indispensable fact circumstances in order to relieve a parol sale of land
from the operation of the statute of frauds: (1) payment of the consideration; (2) possession by the
vendee; and (3) the making by the vendee of valuable and permanent improvements upon the land
with the consent of the vendor; or, without such improvements, the presence of such facts as would
make the transaction a fraud upon the purchaser if it were not enforced. Id. at 1116. (3) 

 As to the application of Section 2.725 of the Texas Business and Commerce Code to the
controversy, the Gnerers correctly point out that the original contract was breached more than four
years before suit was instituted and that subsection (a) requires that, "An action for breach of any
contract for sale must be commenced within four years after the cause of action has accrued." 
However, Section 2.725(b) specifies, "A cause of action accrues when the breach occurs, regardless
of the aggrieved party's lack of knowledge of the breach." (Emphasis added.) The Johnsons' cause
of action did not accrue until the Gnerers refused to honor the parol agreement to convey the
property. This refusal happened long after the "balloon" installment had become due and occurred
well within the four-year period before the suit was filed.

CONCLUSION

 The ruling of the trial court, awarding the title of the land to the Johnsons under the parol
agreement pursuant to the doctrine of promissory estoppel, is sufficiently supported by the evidence. Accordingly, we affirm the judgment. 




 Bailey C. Moseley

 Justice


Date Submitted: June 1, 2007

Date Decided: June 5, 2007
1. $33,000, bearing interest at the rate of ten percent per annum and amortized over 180
installments would result in equal monthly installments of $354.64.
2. Between September 1, 2001 and September 1, 2005, Section 5.077 of the Texas Property
Code required the seller under a contract for deed of certain residential real property to provide the
buyers with a statement which included, among other things, a statement of the amount of interest
paid, the remaining balance, insurance disclosures, and the taxes paid; this requirement applied
retroactively to contracts which existed before the effective date of the statute. If this notice was not
supplied (without demand by the buyer), the seller would owe the buyer "liquidated damages" of
$250.00 per day for each day after January 30 that the notice was not supplied. Act of May 11, 2001,
77th Leg., R.S., ch. 693, § 1, 2001 Tex. Gen. Laws 1319, 1326-27.
3. Although not raised by the Gnerers on appeal, in addition to the statute of frauds, Section
5.077 of the Texas Property Code states, among other things, that, "An executory contract is not
enforceable unless the contract is in writing and signed by the party to be bound or by that party's
authorized representative." However, in Haase v. Glazner, 62 S.W.3d 795, 799 (Tex. 2001), decided
after the adoption of that part of the Texas Property Code by the Legislature, the Texas Supreme
Court recognized the continued application of the doctrine of promissory estoppel as a vehicle to
avoid fraud and there is no reason to believe that promissory estoppel is any less effective to protect
a purchaser from that law than from the statute of frauds as set out in the Texas Business and
Commerce Code.