IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF TEXAS
 
════════════
No. 06-0575
════════════
 
Knapp Medical Center, Petitioner,
 
v.
 
Javier E. De La Garza, and Javier E. De La Garza, M.D., P.A., 
Respondents
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the Thirteenth District of 
Texas
════════════════════════════════════════════════════
 
 
ON MOTION FOR 
REHEARING
 
 
            
On rehearing, Dr. De La Garza complains that our opinion fails to address 
his alternative theory of recovery based on fraud. Under this theory, De La 
Garza contends that the hospital’s representation that it would contribute 
$200,000 to settle his claim fraudulently induced him to make a written Stowers demand on the hospital’s insurer to settle for 
policy limits. He further submits that his judgment against the hospital for 
$200,000 is fully supported by the trial court’s findings of fact and 
conclusions of law on fraud. Thus, De La Garza concludes that, even if the 
hospital’s oral agreement to contribute to the settlement cannot be enforced, he 
is nevertheless entitled to the benefit of this bargain under the alternative 
theory. We disagree.
            
Texas Rule of Civil Procedure 11 is essentially a “statute of frauds” for 
settlement agreements. See 7 William V. Dorsaneo III, Texas Litigation Guide § 102.02[5] 
(2007). We have previously rejected attempts to “use a fraud claim essentially 
to enforce a contract the Statute makes unenforceable” as an improper 
circumvention of the statute’s purpose. Haase v. Glazner, 62 
S.W.3d 795, 799 (Tex. 2001); see also Nagle 
v. Nagle, 633 S.W.2d 796, 801 (Tex. 1982). Thus, we have held that “the 
Statute of Frauds bars a fraud claim to the extent the plaintiff seeks to 
recover as damages the benefit of a bargain that cannot otherwise be enforced 
because it fails to comply with the Statute of Frauds.” Haase, 62 S.W.3d at 
799. Similarly, a fraud claim cannot be used to circumvent Rule 11 in 
this manner and thereby enforce an otherwise unenforceable settlement 
agreement.
            
Dr. De La Garza’s motion for rehearing is overruled.
 
 
Opinion 
delivered:         December 14, 2007
 
Original 
opinion