# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-20-00412-CV

---

**John B. Stevenson, Appellant**

**v.**

**Shelton Coleman and Diamond X Properties, LLC, Appellees**

---

**FROM THE 424TH DISTRICT COURT OF BLANCO COUNTY
NO. CV08834, THE HONORABLE EVAN C. STUBBS, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellant John B. Stevenson, proceeding pro se,[1] appeals from a judgment dismissing his claims against appellees Shelton Coleman and Diamond X Properties, LLC, pursuant to Texas Rule of Civil Procedure 91a. *See* Tex. R. Civ. P. 91a (authorizing dismissal of cause of action on ground that it has no basis in law or fact). We will affirm.

### BACKGROUND

In April of 2017, Stevenson entered into an agreement with Bank of America, N.A., to resolve a $663,529.35 judgment against him. Relevant here, the agreement called for Stevenson to sell two parcels of real property in Blanco County in an arm's-length transaction

---

[1] We construe pro se filings liberally and with patience "so as to obtain a just, fair and equitable adjudication of the parties' rights." *Veigel v. Texas Boll Weevil Eradication Found., Inc.*, 549 S.W.3d 193, 195 n.1 (Tex. App.—Austin 2018, no pet.). However, we also require pro se litigants to comply with the same rules and standards as litigants represented by attorneys. *Yazdi v. Automax Auto. Grp.*, No. 03-19-00265-CV, 2020 WL 3164964, at *1 n.1 (Tex. App.—Austin June 5, 2020, pet. denied) (mem. op.).

and pay the bank $70,000 of the proceeds. Stevenson accordingly executed two real estate contracts selling the property to Diamond X Properties, LLC, a Texas corporation owned by Shelton Coleman, for approximately $400,000.

Stevenson subsequently sued appellees for failing to reconvey some of the land in violation of an oral promise. Specifically, Stevenson alleged that Coleman had promised to sell enough land to recoup the purchase price and then "work with [Stevenson] to assist him in recovering ownership of the remaining property" by conveying it to Stevenson in return for a payment of "a reasonable amount as profit." Stevenson alleged that Coleman sold a total of thirty-four acres to third parties and then offered to reconvey the remaining land back for $223,680—a price allegedly "far in excess of the promised amount." Appellees filed a Rule 91a motion to dismiss, asserting the statute of frauds, among other arguments. In response, Stevenson asserted that promissory estoppel was an exception to the statute of frauds. The district court granted the motion and awarded attorneys' fees. This appeal followed.

## DISCUSSION

Stevenson argues in three issues that the district court erred by dismissing his claims.

Rule 91a allows a party to "move to dismiss a cause of action on the grounds that it has no basis in law or fact." Tex. R. Civ. P. 91a.1. "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.* In ruling on a Rule 91a motion to dismiss, a trial court "may not consider evidence but 'must decide the motion based solely on the pleading of the cause of action, together with any [permitted] pleading exhibits.'" *In re Farmers Tex. Cnty.*

2

*Mut. Ins.*, 621 S.W.3d 261, 266 (Tex. 2021) (orig. proceeding) (citing Tex. R. Civ. P. 91a.6). We review a trial court's ruling on a Rule 91a motion de novo because the availability of a remedy under the facts alleged is a legal question. *Id*. (citing *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam)). In conducting our review, we construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings. *McDill v. McDill*, No. 03-19-00162-CV, 2020 WL 4726634, at *7 (Tex. App.—Austin July 30, 2020, pet. denied) (mem. op.) (citing *Koenig v. Blaylock*, 497 S.W.3d 595, 599 (Tex. App.—Austin 2016, pet. denied)).

Appellees moved for dismissal based on the affirmative defense of the statute of frauds, among other grounds. *See Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 656 (Tex. 2020) ("Rule 91a permits motions to dismiss based on affirmative defenses[.]"). Under the statute of frauds, "a contract for the sale of real estate" is unenforceable unless it is in writing and "signed by the person to be charged with the promise or agreement or by someone lawfully authorized to sign for him." Tex. Bus. & Com. Code § 26.01(a), (b)(4). Stevenson does not dispute that the oral agreement is subject to the statute of frauds. However, he argues that it is not a bar to his claim because promissory estoppel "is a generally recognized exception to the statute of frauds."

We disagree. Promissory estoppel "sufficient to remove a contract from the statute of frauds requires that the promisor agreed to sign a document that already had been prepared, or upon whose wording the parties already had agreed, that would satisfy the statute of frauds." *Fuller v. Wholesale Elec. Supply Co. of Hous., Inc.*, 631 S.W.3d 177, 187 (Tex. App.—Houston [14th Dist.] 2020, pet. denied). Stevenson has not alleged that Coleman agreed to sign an existing contract reconveying the land or that they agreed upon the wording of one. Instead,

3

Stevenson alleged that Coleman promised to "work with" him to recover whatever land remained for a "reasonable" amount. Stevenson essentially alleges that Coleman promised to sign a contract that had not yet been drafted. We conclude that promissory estoppel does not remove the alleged agreement from the statute of frauds. *See Carpenter v. Phelps*, 391 S.W.3d 143, 149–50 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (holding promissory estoppel did not bar application of statute of frauds where parties agreed to sign lease contract but did not agree upon its language); *see also Hairston v. Southern Methodist Univ.*, 441 S.W.3d 327, 335–36 (Tex. App.—Dallas 2013, pet. denied) (holding that coach's general promise to sign scholarship contract at latter date failed to satisfy estoppel exception to statute of frauds).

To the extent Stevenson's claim is for fraudulent inducement, the statute of frauds bars this recovery because he seeks to recover the benefits of an oral agreement. The supreme court has held that "the statute of frauds bars a fraud claim to the extent the plaintiff seeks to recover as damages the benefit of a bargain that cannot otherwise be enforced because it fails to comply with the statute of frauds."[2] *Hill v. Shamoun & Norman, LLP*, 544 S.W.3d 724, 734 (Tex. 2018) (citing *Haase v. Glazner*, 62 S.W.3d 795, 799 (Tex. 2001)). Stevenson asks the district court to enter judgment awarding him "damages in the amount of $500,000" or, in the alternative, compelling Coleman to reconvey the twenty-seven acres in return for "fair and just" compensation to be determined by the court. He does not explicitly state what the $500,000 in damages represents, but his overarching theory of the case has always been that Coleman should

---

[2] Conversely, the "statute of frauds does not bar recovery of out-of-pocket damages for fraud[.]" *Hill v. Shamoun & Norman, LLP*, 544 S.W.3d 724, 734 (Tex. 2018). Out-of-pocket damages "measure the difference between the value of that which was parted with and the value of that which was received." *Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 636 (Tex. 2007) (per curiam) (citing *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 49 (Tex. 1998)).

honor the alleged promise to reconvey the twenty-seven acres.  Construed in that light, he is essentially seeking the benefit of the oral agreement through money damages or specific performance.  *See generally Tamuno Ifiesimama v. Haile*, 522 S.W.3d 675, 685 (Tex. App.—Houston [1st Dist.] 2017, pet. denied) (explaining that specific performance is "an equitable remedy" for breach of contract "that is used as a substitute for monetary damages when such damages would not be adequate").  Because Stevenson cannot use a fraud claim to enforce a promise that the statute of frauds renders unenforceable, the district court did not err by dismissing his claim for fraudulent inducement.  *See Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 637 (Tex. 2007) (per curiam) ("Because these benefit-of-the-bargain damages are the same damages Sonnichsen sought to recover under an unenforceable contract, his fraud claim fails."); *Haase*, 62 S.W.3d at 799.

We conclude that the pleadings establish as a matter of law that the statute of frauds precludes Stevenson's claims, and we overrule his three issues.

## CONCLUSION

We affirm the district court's judgment dismissing Stevenson's claims.

_____

Edward Smith, Justice

Before Justices Baker, Kelly, and Smith

Affirmed

Filed:   February 24, 2022

5