**Doris LAM and Brian Mai, Appellants,**

v.

**PHUONG NGUYEN, Appellee.**

No. 05–09–00922–CV.

Court of Appeals of Texas, Dallas.

Feb. 25, 2011.

Frederick Linton Medlin, Dallas, TX, for Appellants.

William Todd Albin, Albin Harrison Roach, Plano, TX, for Appellee.

Before Justices MOSELEY, O'NEILL, and MYERS.

## OPINION

Opinion By Justice MOSELEY.

Appellants Doris Lam and Brian Mai filed suit against appellee Phuong Nguyen and others. The trial court granted summary judgment in favor of Nguyen, severed the claims against her from the remainder of the original lawsuit, and rendered a final take nothing judgment in Nguyen's favor. Lam and Mai appeal, contending the trial court erred in granting summary judgment. We affirm.

## I. BACKGROUND

Lam and Mai contracted to sell their house to Nguyen for $1 million. That transaction closed, and Lam and Mai were paid the contract price. Nguyen subsequently conveyed the house to Ademola R. Kumapayi and Marsha A. Cunningham–Kumapayi, who in turn entered into a loan arrangement with Lam and Mai.

Specifically, Lam and Mai entered into an agreement with the Kumapayis by which Lam and Mai paid $200,000 to the Kumapayis in return for their promissory note in which they promised to pay Lam and Mai $300,000; it was envisioned that the $200,000 advanced was for additional repairs and upgrades on the house, and the additional $100,000 represented additional equity Lam and Mai wanted for the sale of the house.

The Kumapayis defaulted on the loan. Lam and Mai sued the Kumapayis, and they also sued Nguyen. They alleged the loan under the promissory note was "an integral part of the real estate sale transaction and was a condition thereof," and that the real estate transaction was a joint venture involving Nguyen and the Kumapayis. They also alleged that Nguyen and the Kumapayis, "acting in concert, persuaded and induced" Lam and Mai to loan the Kumapayis $300,000 when their house was sold to Nguyen. In their second amended original petition, Lam and Mai asserted a "claim on a debt" against the Kumapayis and, against all defendants, specific claims for actual intentional fraud, constructive fraud, statutory fraud, negligent misrepresentation, conspiracy, and

sought joint and several liability from them as partners.

Nguyen filed several motions for summary judgment; the one relevant here is her third motion. There, she asserted that Lam and Mai's claims for fraud, negligent misrepresentation, and conspiracy for individual or partnership liability for the Kumapayis' default on the $300,000 promissory note were barred by the Statute of Frauds and *Haase v. Glazner*, 62 S.W.3d 795, 799 (Tex.2001), because Lam and Mai were seeking to recover from her only benefit-of-the-bargain damages arising from the Kumapayis' breach of the promissory note.

After Nguyen filed her third motion for summary judgment, Lam and Mai filed their third amended petition. They deleted the "claim on a debt" against the Kumapayis and specific reference to the $300,000 loan to them and the promissory note. Lam and Mai alleged Nguyen fraudulently induced them into making the "loan" to the Kumapayis by vouching for their trustworthiness and real estate expertise and that Nguyen and the Kumapayis "acted together and in concert." Lam and Mai also deleted their claim they had been damaged in the amount of $300,000. Instead, they alleged Nguyen and the Kumapayis induced them into selling their home if the Kumapayis were "permitted ... to use $200,000 of Plaintiffs' money to 'improve' the house." As damages, Lam and Mai claimed the loss of $200,000.

Lam and Mai responded to the third motion for summary judgment, relying on their own affidavits, among other evidence. They argued that the Statute of Frauds and *Haase* did not apply. Nguyen filed a reply to the response to the third motion, relying on statements in Lam's and Mai's affidavits.

Initially, the trial court denied Nguyen's third motion for summary judgment.

However, Nguyen filed a motion for reconsideration, and the trial court subsequently granted her motion. Then Lam and Mai moved for reconsideration; Nguyen filed a response relying on additional evidence. The trial court granted a final take nothing judgment incorporating its granting of Nguyen's third motion for summary judgment and severing the claims against Nguyen. This appeal followed.

## II. STANDARD OF REVIEW

■ A movant seeking traditional summary judgment on an affirmative defense has the initial burden of establishing entitlement to judgment as a matter of law by conclusively establishing each element of her affirmative defense. *See Chau v. Riddle*, 254 S.W.3d 453, 455 (Tex.2008) (per curiam); *see also* Tex.R. Civ. P. 166a(b)-(c). A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *See City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex.2005). If the movant meets her burden, the burden then shifts to the nonmovant to present evidence raising a genuine issue of material fact as to one or more elements of the affirmative defense, precluding summary judgment. *See Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex.1995). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex.2007) (per curiam).

■ We review a trial court's summary judgment ruling de novo. *See Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex.2009). We consider all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding

contrary evidence unless reasonable jurors could not. *See City of Keller*, 168 S.W.3d at 822–24.

## III. STATUTE OF FRAUDS

In two issues, Lam and Mai contend the trial court erred in granting summary judgment on their tort claims pursuant to the Statute of Frauds. We consider these issues in light of the summary judgment evidence underlying Lam and Mai's tort claims.

### A. Applicable Law

 The Statute of Frauds bars a fraud claim to the extent the plaintiff seeks to recover as damages the benefit of a bargain that cannot otherwise be enforced because it fails to comply with the Statute of Frauds. *See Haase*, 62 S.W.3d at 799. In addition, a claim of negligent misrepresentation may not be used to circumvent the Statute of Frauds. *See Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex.1991). However, the Statute of Frauds does not bar a claim for fraud or negligent misrepresentation to the extent a party seeks to recover reliance or out-of-pocket damages because such damages are not part of the benefit of the alleged bargain between the parties. *Haase*, 62 S.W.3d at 799–800; *Bank of Tex., N.A. v. Gaubert*, 286 S.W.3d 546, 557 (Tex.App.-Dallas 2009, pet. dism'd w.o.j.). While cast in language sounding in tort, an indirect attempt to recover for the breach of an unenforceable promise is barred by the Statute of Frauds. *See Gaubert*, 286 S.W.3d at 557.

 Texas law imposes a duty to abstain from inducing another to enter into a contract through the use of fraudulent misrepresentation. *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 46 (Tex.1998). The basis of any fraudulent inducement claim is an executed contract that was procured by fraud, without which it would not have been executed, and the damages sought must flow directly from *that* contract. *ISG State Operations, Inc. v. Nat'l Heritage Ins. Co.*, 234 S.W.3d 711, 718 (Tex.App.-Eastland 2007, pet. denied). Again, the Statute of Frauds does not bar a fraudulent inducement claim in which a plaintiff seeks to obtain only out-of-pocket losses. *Carr v. Christie*, 970 S.W.2d 620, 624 (Tex.App.-Austin 1998, pet. denied). However, as stated earlier, it does bar a claim for fraudulent inducement if the plaintiff's claim for damages seeks the benefit of the bargain that she would have obtained had the promise been performed. *Id.*

### B. Summary Judgment Evidence

Nguyen's evidence included a memorandum of understanding concerning the loan and the promissory note; the contract for the sale of the house; and attachments to the contract. Both the memorandum of understanding and the promissory note were signed by Lam, Mai, and the Kumapayis. It is undisputed Nguyen did not sign either document, and no other document signed by Nguyen referred to or incorporated the promissory note.

The summary judgment evidence also includes Lam's and Mai's discovery responses, in which they admitted: (1) that "it was not initially contemplated that Nguyen would be personally liable on the note but it is Plaintiffs' contention that she is liable by virtue of the conspiracy and fraud in which all of the Defendants engaged," and (2) that although Nguyen did not assume any obligation to Lam and Mai, "she repeatedly promised and represented to Plaintiffs that she and the other defendants would get the $300,000.00 paid."

Also included in the summary judgment evidence is Lam's affidavit, in which she

said Nguyen told her she and Mr. Kamapayi were "partners and had invested in real estate for many years"; they "were sophisticated real estate investors"; and her "loan to Kumapayi would be safe" and she "would get [her] money back." Lam said she would not have loaned the money to Kumapayi if Nguyen had not told her she was partners with him and if Nguyen had told her the truth—that "she barely knew Kumapayi and had not been involved in any successful real estate transactions with him before." She also said she "had no idea that [Nguyen] was going to get paid a percentage of the money that I loaned to [the Kumapayis]" and would not have loaned the money if she had known the truth. Mai's affidavit repeated these statements. In addition, Lam said that Mr. Kumapayi told her that "he had power of attorney to sign" for Nguyen.

## C. Discussion

### 1. Misrepresentation Claims Related to the Promissory Note and Guarantee of Payment

▮ In her third motion for summary judgment, Nguyen argued the undisputed evidence showed she was not a party to the promissory note; she was not intended to be liable on it; and no other document Nguyen signed referred to or incorporated the promissory note. Relying on *Haase*, 62 S.W.3d at 799, Nguyen argued the negligent misrepresentation, fraud, and conspiracy claims were barred because Lam and Mai were seeking to recover only benefit-of-the-bargain damages from her arising from the Kumapayis' breach of the promissory note.

In their first issue, Lam and Mai contend the trial court erred in granting Nguyen's motion for summary judgment because the damages they sought against her could only be characterized as partial out-of-pocket damages. Lam and Mai argue that the $200,000 is the amount they paid "out of pocket," relying on *Baylor University v. Sonnichsen*, 221 S.W.3d 632, 636–37 (Tex.2007) (per curiam).

In that case, a coach sued a university for fraud in failing to provide an employment contract as promised. The supreme court explained that benefit-of-the-bargain damages derive from an expectancy theory and are "the difference between the value that was represented and the value actually received." *Id.* at 636. Out-of-pocket damages derive from a restitution theory and measure the difference between the value of that which was parted with and the value of that which was received. *Id.* The supreme court noted that the coach sought two types of damages—those resulting from his inability to obtain employment for a year to be covered by the contract and those resulting from the lost opportunity to advance his career and increase his earning capacity. The court stated that both of these damages arose from the university's liability for not employing the coach as he expected and for not honoring the alleged contract; thus, they constituted benefits of the alleged bargain. *See id.* at 637. Other damages sought—lost revenues from a summer camp and lost tuition benefits for an advanced degree at the university's expense—were also benefit-of-the-bargain damages because the coach's possible entitlement to these benefits would have arisen only if his employment at the institution had continued. *Id.* The court concluded that because these benefit-of-the-bargain damages were the same damages the coach sought to recover under an unenforceable contract, his fraud claim failed. *Id.*

Here, the summary judgment evidence included Lam and Mai's responses to disclosures in which they were asked for "[t]he amount and any method of calculating economic damages." In their respons-

es they stated they had "suffered a loss of a $200,000 loan to Kumapayi[ ][and] ... further suffered damages of costs and attorney fees." This evidence shows that the damages Lam and Mai sought to recover against Nguyen resulted only from the Kumapayis' failure to repay their promissory note. Their $200,000 loss does not constitute out-of-pocket damages. *See Formosa Plastics Corp. USA,* 960 S.W.2d at 49–50 ("[T]he out-of-pocket measure only compensates for actual injuries a party sustains through parting with something, not loss of profits on a bid not made, and a profit never realized, in a hypothetical bargain never struck."). Rather, Lam and Mai's claim against Nguyen seeks the benefit of their bargain with the Kumapayis. As Nguyen pointed out in her brief, and as Lam and Mai's counsel acknowledged at oral argument, if Lam and Mai prevailed on appeal and recovered $200,000 from Nguyen, any recovery over $100,000 from the Kumapayis would be "duplicative."

We conclude the evidence and the analysis and decision in *Sonnichsen* support the summary judgment in favor of Nguyen. We resolve Lam and Mai's first issue against them.

**2. Fraudulent Inducement Claim Related to the Promissory Note**

■ In their second issue, Lam and Mai argue that, even if their alleged damages are characterized as benefit-of-the-bargain damages, the trial court erred in granting summary judgment under the Statute of Frauds because Nguyen fraudulently induced them to sign the promissory note, which is enforceable under the Statute of Frauds against the Kumapayis. But the concession in the premise of this argument and our conclusion (above) that the damages they seek from Nguyen are for the benefit of their bargain with the Kumapayis doom Lam and Mai's second issue. *See id.; Case Corp. v. Hi-Class*

*Bus. Sys. of Am., Inc.,* 184 S.W.3d 760, 778 (Tex.App.-Dallas 2005, pet. denied) (statute of frauds bars enforcement of certain representations, thus barring fraudulent inducement claim seeking to recover as damages the benefits of those representations). We resolve Lam and Mai's second issue against them.

## IV. CONCLUSION

Once Nguyen established her affirmative defense of Statute of Frauds as a matter of law, the burden shifted to Lam and Mai to raise a genuine issue of material fact precluding summary judgment on that ground. *See* TEX.R. CIV. P. 166a(b)-(c); *Chau,* 254 S.W.3d at 455; *City of Keller,* 168 S.W.3d at 816; *Centeq Realty, Inc.,* 899 S.W.2d at 197. We have concluded that Lam and Mai failed to meet their burden to raise a genuine issue of material fact as to the nature of their damages and resolved their two issues against them. We affirm the trial court's final take nothing judgment.