Opinion filed March 31, 2014



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00311-CV

_____

## BLM OF BROWNWOOD, INC., Appellant

## V.

## MID-TEX CELLULAR, LTD., JOHN BOYSEN, MARCUS BOYSEN, AND JERRY BOYSEN, Appellees

On Appeal from the 35th Judicial District Court

Brown County, Texas

Trial Court Cause No. CV1009295

## M E M O R A N D U M   O P I N I O N

BLM of Brownwood, Inc. (BLM) appeals from a take-nothing summary judgment entered in favor of Mid-Tex Cellular, Ltd. (Mid-Tex) and a take-nothing summary judgment in favor of John Boysen, Marcus Boysen, and Jerry Boysen (the Boysens). In five issues, BLM challenges the trial court's grant of the Boysens' motion for summary judgment as to BLM's claims of breach of contract, conversion, statutory fraud, and negligence, as well as the trial court's grant of

Mid-Tex's motion for summary judgment as to BLM's claim of tortious interference. We affirm in part and reverse and remand in part.

## I. *Background*

This is a contract dispute over the alleged sale of a four-acre piece of property in Brown County (the Boysen Property). The summary judgment evidence indicated that on or about March 3, 2010, BLM learned that the Boysen Property would be placed on the market for sale. Three brothers—John, Jerry, and Marcus Boysen—were co-owners of the property. William Ruth, in his individual capacity and in his capacity as BLM's attorney, contacted John by telephone and inquired about the Boysen Property.

BLM was primarily interested in the existing tower on the property and intended to incorporate the tower into its business. John acknowledged he and his brothers owned the property and that it was available for purchase. Ruth was informed that an appraisal of the property had been obtained and that the appraised value of the property would be the selling price. Ruth agreed to the price, and John told him that John's attorney, Darrell Haynes, would prepare the contract for sale. John instructed Ruth to provide the Haynes Law Firm with earnest money in the amount of $1,000.

On or about March 17, 2010, Angela Schum, an officer and director of BLM, at the direction of Ruth, delivered the $1,000 in earnest money to the Haynes Law Firm and informed them that the money was for the "Boysen Property on Bang's Hill." Schum confirmed that Haynes would be preparing the contract for the sale of the Boysen Property. The Haynes Law Firm provided Schum with a cash receipt, which indicated that $1,000 had been paid by BLM as earnest money for the Boysen Property. The receipt contained no further description regarding the property or terms of sale. In reliance on the payment of earnest money and representations made to BLM regarding the sale of the Boysen Property, BLM

pursued the purchase of a second tract of land, comprising 12.4 acres that surrounded the Boysen Property on three sides.

Thereafter, both Ruth and Schum made multiple inquiries regarding the status of the contract for sale of the Boysen Property. Each time an inquiry was made, the Haynes Law Firm said that the contract was not available but would be forthcoming. On or about March 30, 2010, Ruth contacted John directly regarding the status of the contract. John told Ruth that the earnest money had never been paid as instructed and that, therefore, the property was being sold to "the lady" who had paid the earnest money. Ruth informed John that "the lady" was, in fact, Schum, who had paid the earnest money on BLM's behalf. John agreed there had been a misunderstanding and that he was glad the issue had been clarified. John confirmed to Ruth that the property and tower would be sold to BLM accordingly.

On or about May 7, 2010, the Haynes Law Firm informed Schum there was a problem. Haynes contacted Schum and told her there was a third party, Mid-Tex, seeking to purchase the Boysen Property. This was the first time that BLM or its representatives learned of Mid-Tex as a prospective purchaser of the property. Although BLM objected to the sale, the Boysens and Mid-Tex entered into a written contract for the sale of the Boysen Property, and the transaction closed on June 24, 2010.

On or about August 23, 2010, BLM went forward with its plans to purchase the second tract of land that surrounded the Boysen Property on three sides. BLM purchased the second tract for $30,000 in reliance that the dispute over the Boysen Property would be resolved in BLM's favor.

BLM filed its original petition against Mid-Tex, John, and Marcus. BLM added Jerry as a defendant in its Plaintiff's First Amended Petition after learning Jerry was a co-owner of the Boysen Property. After some discovery, all parties filed motions for summary judgment. The trial court denied BLM's motion for

summary judgment and, on both traditional and no-evidence grounds, granted the motions for summary judgment filed by the Boysens and Mid-Tex. The trial court disposed of all claims and entered final judgment. BLM now appeals the trial court's grant of the Boysens' and Mid-Tex's motions for summary judgment.

## II. *Issues Presented*

BLM presents five issues for review in which it contends that the trial court erred when it granted summary judgment because there was sufficient evidence to create a genuine issue of material fact on each of its claims. The claims at issue are the following: (1) breach of contract; (2) conversion; (3) statutory fraud; (4) negligence and gross negligence; and (5) tortious interference with a contract. BLM's first four claims apply to the Boysens, while the claim for tortious interference with a contract applies to Mid-Tex.

## III. *Standard of Review*

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). The movant for traditional summary judgment must show there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). A defendant who moves for traditional summary judgment must either negate at least one essential element of the nonmovant's cause of action or prove all essential elements of an affirmative defense. *See Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). When summary judgment is granted on traditional grounds, we take the evidence adduced in favor of the nonmovant as "true" and draw every reasonable inference and resolve all doubts in the nonmovant's favor. *Id.* (citing *El Chico Corp. v. Poole*, 732 S.W.2d 306, 315 (Tex. 1987)).

The party that files a no-evidence motion for summary judgment alleges there is no evidence of one or more essential elements of a claim or defense on which the adverse party would have the burden of proof at trial. *See* TEX. R. CIV. P. 166a(i). The adverse party then must respond with evidence to raise a genuine issue of material fact on each of the challenged elements in the claim or defense. *See id.* A no-evidence summary judgment is essentially a pretrial directed verdict, and we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003).

With a no-evidence motion, we review the evidence in the light most favorable to the nonmovant, disregarding all contrary evidence and inferences. *Id.* at 751 (citing *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). "A no evidence point will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact." *Id.* (quoting *Merrell Dow*, 953 S.W.2d at 711).

A no-evidence summary judgment is improperly granted if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. *Id.* (citing TEX. R. CIV. P. 166a(i) and *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002)). Less than a scintilla of evidence exists when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of a fact. *Id.* (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex.1983)). More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Id.* (quoting *Merrell Dow Pharm.*, 953 S.W.2d at 711).

When competing summary judgment motions have been filed and one motion is granted and the other is denied, we consider all of the summary judgment evidence and determine all the questions presented. *Comm'rs Court of Titus Cnty. v. Agan*, 940 S.W.2d 77, 81 (Tex. 1997). If the trial court's order on summary judgment does not specify the grounds on which it is based, the appellant must negate all grounds on appeal. *See Star-Telegram*, *Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995).

IV. *Analysis*

A. *Statute of Frauds*

Both the Boysens and Mid-Tex moved for traditional summary judgment on the affirmative defense of the statute of frauds. We will first consider whether the alleged oral contract between BLM and the Boysens was barred by the statute of frauds.

The statute of frauds exists to prevent fraud and perjury in certain kinds of transactions by requiring agreements to be set out in a writing and signed by the party to be charged with the agreement. *Haase v. Glazner*, 62 S.W.3d 795, 799 (Tex. 2001); *see also* TEX. BUS. & COM. CODE ANN. § 26.01 (West 2009). Whether a contract is barred by the statute of frauds is a question of law for the court to decide. *Fuqua v. Oncor Elec. Delivery Co.*, 315 S.W.3d 552, 555 (Tex. App.—Eastland 2010, pet. denied). By its express terms, the statute of frauds applies to a contract for the sale of real property. BUS. & COM. § 26.01(b)(4). Therefore, the contract for sale of the Boysen Property to BLM was valid and enforceable if it was in writing and signed by the Boysens or if it fell within an exception to the statute of frauds. *See Bank of Tex., N.A. v. Gaubert*, 286 S.W.3d 546, 555 (Tex. App.—Dallas 2009, pet. dism'd).

BLM argues that the written memorandum of the deposit of earnest money is sufficient to satisfy the writing requirement of the statute of frauds. Under the

6

statute of frauds, the writing that evidences a contract for the sale of real property must contain a sufficient description of the property to be conveyed. *Long Trusts v. Griffin*, 222 S.W.3d 412, 416 (Tex. 2006). The property description must "furnish within itself or by reference to other identified writings then in existence, the means or data by which the particular land to be conveyed may be identified with specific certainty." *Pick v. Bartel*, 659 S.W.2d 636, 637 (Tex. 1983).

The parties do not dispute that the receipt for the earnest money deposit is the only relevant writing associated with the alleged transaction for the sale of the Boysen Property. The information on the receipt is scant and does not identify the type of transaction the receipt purports to memorialize. The only descriptive text on the receipt reads: "ernest (sic) money Boysen." This language fails to identify the property to be conveyed and makes no reference to other writings that may contain a sufficient description of the property.

We conclude that the only writing associated with the alleged sale of the Boysen Property to BLM does not satisfy the statute of frauds. *See Fears v. Tex. Bank*, 247 S.W.3d 729, 736–37 (Tex. App.—Texarkana 2008, pet. denied) (holding contract for sale of land invalid under statute of frauds due to insufficient property description). For the alleged oral contract for sale of the Boysen Property to BLM to be valid and enforceable, it must fall within an exception to the statute of frauds. *See Gaubert*, 286 S.W.3d at 555. BLM had the burden to adduce evidence that raised a genuine issue of material fact as to any exceptions or defenses to the statute of frauds. *See "Moore" Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934, 937 (Tex. 1972).

BLM first raises the equitable doctrine of partial performance as an exception to the statute of frauds. Under the partial performance exception, contracts that do not satisfy the statute of frauds but have been partially performed may be enforced in equity if the denial of enforcement would amount to a virtual

7

fraud. *Chambers v. Pruitt*, 241 S.W.3d 679, 687 (Tex. App.—Dallas 2007, no pet.). When the oral agreement relates to the sale of real property, courts utilize a three-prong test to determine whether to remove the agreement from the statute of frauds. *See Boyert v. Tauber*, 834 S.W.2d 60, 63 (Tex. 1992). The three-prong test requires (1) the payment of the consideration; (2) the surrender of possession; and (3) the making of valuable and permanent improvements on the land with the owner's consent or, without such improvements, the existence of other facts demonstrating that non-enforcement of the agreement would defraud the purchaser. *Id.*

BLM paid the $1,000 earnest money price but did not pay the alleged agreed-upon price of $30,000 for the sale of the Boysen Property. There is no evidence that BLM ever took possession of the Boysen Property or made any improvements upon the property, and BLM has not provided evidence to show it would be the victim of fraud if the agreement were not enforced. We hold that the doctrine of partial performance fails to remove the alleged oral agreement from the requirements of the statute of frauds.

BLM also raises the doctrine of promissory estoppel as an applicable exception to the statute of frauds. The elements of promissory estoppel are as follows: (1) a promise; (2) foreseeability of reliance thereon by the promisor; and (3) substantial reliance by the promisee to his detriment. *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983); *Barnett v. Legacy Bank of Tex.*, No. 11-02-00114-CV, 2003 WL 22358578, at *6 (Tex. App.—Eastland Oct. 16, 2003, pet. denied) (mem. op.).

To invoke the doctrine as an exception to the statute of frauds, BLM must have presented evidence of an oral promise to sign an existing written contract that satisfies the statute of frauds. *Nagle v. Nagle*, 633 S.W.2d 796, 800 (Tex. 1982); *Providence Land Servs., LLC v. Jones*, 353 S.W.3d 538, 542 (Tex. App.—Eastland

8

2011, no pet.).  A mere promise to prepare a written contract is insufficient.  *1001 McKinney Ltd. v. Credit Suisse First Boston Mortg. Capital*, 192 S.W.3d 20, 29 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).

The summary judgment evidence indicated that John informed Ruth that John's local attorney, Haynes, would prepare the contract for the sale of the Boysen Property.  After BLM delivered the earnest money, the Haynes Law Firm confirmed it would prepare the contract.  However, BLM never produced any summary judgment evidence that indicated that a contract was ever completed or that a writing satisfying the statute of frauds had been prepared when John promised to sell the Boysen Property to BLM.

The summary judgment evidence showed that John and his attorney merely promised to prepare a written contract, which is insufficient to invoke the doctrine of promissory estoppel as an exception to the statute of frauds.  BLM's promissory estoppel argument fails.  Because BLM failed to raise a genuine issue of material fact as to any exceptions to the statute of frauds, we hold that the alleged oral contract for the sale of the Boysen Property was invalid and unenforceable under the statute of frauds.  Having concluded that the statute of frauds bars any oral contract for the sale of the Boysen Property, we now address how this conclusion affects the propriety of summary judgment on each of BLM's claims.

### B.  BLM's Claims Against the Boysens

#### 1.  Breach of Contract

BLM challenges, in its first issue, the trial court's grant of summary judgment on its claim for breach of contract.  To prevail on a breach of contract claim, a plaintiff must prove (1) the existence of a valid contract, (2) performance or tendered performance by the plaintiff, (3) defendant's breach of contract, and (4) damages because of the breach.  *Better Bus. Bureau of Metro. Dallas, Inc. v. BH DFW, Inc.*, 402 S.W.3d 299, 310 (Tex. App.—Dallas 2013, pet. denied).  As

we have previously concluded, there was no valid contract between BLM and the Boysens because the alleged oral agreement was barred by the statute of frauds. BLM has therefore failed to establish a genuine issue of material fact as to an essential element of its claim for breach of contract; the trial court properly granted summary judgment in favor of the Boysens. We overrule BLM's first issue.

### 2. Conversion

BLM contends, in its second issue, that there was sufficient evidence to create a genuine issue of material fact as to its claim of conversion against the Boysens regarding the earnest money. BLM claims summary judgment was improper because BLM indisputably paid the earnest money, and the Boysens offered no evidence to establish as a matter of law that conversion of the earnest money did not occur. We agree.

Conversion is the wrongful exercise of dominion and control over another's property in denial of or inconsistent with the property owner's rights. *Bandy v. First State Bank, Overton, Tex.*, 835 S.W.2d 609, 622 (Tex. 1992); *Paschal v. Great W. Drilling, Ltd.*, 215 S.W.3d 437, 456 (Tex. App.—Eastland 2006, pet. denied). A claim of conversion is not based in contract, and the statute of frauds is inapplicable as a defense thereto. The Boysens never addressed BLM's conversion claim in their motion for summary judgment.

Given that the Boysens' motion for summary judgment did not address BLM's claim for conversion, that the Boysens relied solely on their contention that the oral contract for the sale of the Boysen Property was unenforceable under the statute of frauds, and that the Boysens attached no summary judgment evidence relating to BLM's claim for conversion of the earnest money, the Boysens failed to show that no genuine issue of material fact existed as to an element of BLM's claim of conversion. The trial court erred when it entered summary judgment against BLM on the conversion claim. We sustain BLM's second issue.

10

### *3. Fraud*

BLM challenges, in its third issue, the trial court's grant of summary judgment with respect to the claim of statutory fraud. Although BLM has labeled its claim as "statutory fraud," BLM has not identified the statute it relied upon for its claim of fraud. BLM's brief on appeal cites *In re First Merit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001), for the elements of fraud, but that case concerns a cause of action for common-law fraud rather than statutory fraud. *See In re Guardianship of Patlan*, 350 S.W.3d 189, 198 (Tex. App.—San Antonio 2011, no pet.). In light of our duty to construe the parties' briefs liberally, we will address each cause of action. *See* TEX. R. APP. P. 38.9.

Section 27.01(a) of the Texas Business and Commerce Code creates a statutory cause of action for fraud in a real estate transaction. *See* BUS. & COM. § 27.01(a). The actionable fraud statute is applicable only when a conveyance of the property has been made or, in the very least, when there is a valid real estate contract. *See Tukua Invs., LLC v. Spenst*, 413 S.W.3d 786, 796–97 (Tex. App.—El Paso 2013, pet. filed). The Boysen Property was never conveyed to BLM, and we have previously held that a valid and enforceable contract for the sale of the Boysen Property to BLM did not exist given that the alleged oral agreement failed to satisfy the statute of frauds. Because there was no conveyance and no valid contract for the sale of the Boysen Property, BLM has no cause of action for statutory fraud under Section 27.01.

We now turn to BLM's claim of common-law fraud against the Boysens. The applicability of the statute of frauds on a claim of common-law fraud depends on the nature of damages requested by the plaintiff. *See Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 636 (Tex. 2007); *ISG State Operations, Inc. v. Nat'l Heritage Ins. Co.*, 234 S.W.3d 711, 718 (Tex. App.—Eastland 2007, pet. denied). When the application of the statute of frauds invalidates an oral contract, a

11

common-law fraud claim based on the same facts also fails. *See Sonnichsen*, 221 S.W.3d at 636. Where a plaintiff seeks to recover what it would have had if the promise had been performed, the gravamen of his cause of action is the breach of an unenforceable promise. *See id.*; *Haase*, 62 S.W.3d at 799.

BLM sought to enforce the alleged oral promise by specific performance, i.e., the conveyance of the Boysen Property. Specific performance was the benefit of BLM's bargain, and its bargain was barred by the statute of frauds. We hold that BLM has no viable cause of action for common-law fraud to the extent its claim requests specific performance. But to the extent that BLM seeks out-of-pocket damages incurred in relying upon the Boysens' alleged fraudulent conduct and is not merely attempting to enforce an otherwise unenforceable contract, BLM's common-law fraud claim may not contravene the statute of frauds. *See Sonnichsen*, 221 S.W.3d at 636. In addition to specific performance, BLM sought "actual damages, in excess of the minimum jurisdictional limits of the Court but not to exceed $250,000 jointly and severally, against [the Boysens] *for their conduct*" (emphasis added).

These kinds of damages are not part of the benefit of any alleged bargain between BLM and the Boysens. Further, the Boysens addressed none of BLM's claims for damages in their motion for summary judgment; the Boysens' motion for summary judgment was limited to whether the alleged oral contract was barred under the statute of frauds. Consequently, BLM's common-law fraud claim should have survived the Boysens' motion for summary judgment to the extent that BLM seeks to recover these kinds of out-of-pocket damages. We sustain BLM's third issue in part.

### 4. Negligent Misrepresentation

BLM contends, in its fourth issue, that, if the Boysens' conduct does not amount to intentional fraud, there was at least sufficient evidence to raise a genuine

issue of material fact as to whether the Boysens were negligent in their representations made to BLM. Like BLM's claim of common-law fraud, the propriety of summary judgment on BLM's claim of negligent misrepresentation turns on the nature of damages requested. A claim of negligent misrepresentation may not be used to circumvent the statute of frauds. *See Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991); *Collins v. Allied Pharmacy Mgmt., Inc.*, 871 S.W.2d 929, 936 (Tex. App.—Houston [14th Dist.] 1994, no writ).

When a party claims negligent misrepresentation with respect to an alleged promise to sell real estate and the alleged promise is unenforceable under the statute of frauds, the party may not recover the benefit of the bargain because such a remedy frustrates the purpose of the statute of frauds. *See Lam v. Phuong Nguyen*, 335 S.W.3d 786, 791–92 (Tex. App.—Dallas 2011, pet. denied); *Collins*, 871 S.W.2d at 936. Because we have previously held that the alleged oral contract for the sale of the Boysen Property is unenforceable under the statute of frauds, summary judgment was properly granted against BLM on its claim of negligent misrepresentation to the extent it seeks specific performance of the alleged oral contract.

But a statute of frauds defense does not summarily defeat a claim of negligent misrepresentation if the plaintiff is seeking damages other than those related to the benefit of the unenforceable promise. *See Lam*, 335 S.W.3d at 790. As we have previously stated, in addition to specific performance, BLM sought monetary damages as compensation for the Boysens' conduct. Applying the same reasoning we relied upon for BLM's claim of common-law fraud, we hold that summary judgment was improper as to BLM's claim of negligent misrepresentation to the extent that BLM seeks out-of-pocket damages. We therefore sustain BLM's fourth issue in part.

*C. BLM's Claim Against Mid-Tex*

We now address BLM's final issue, which concerns its claim against Mid-Tex for tortious interference with a contract. Although in its issues-presented section of its brief BLM refers to the trial court's ruling on this claim, there is no reference to it otherwise in the brief. We determine that BLM has waived the issue. *See* TEX. R. APP. P. 38.1(i); *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994). BLM's fifth issue is overruled.

V. *Conclusion*

We hold that summary judgment was properly granted in favor of the Boysens on BLM's breach of contract claim because the statute of frauds bars the enforcement of the alleged oral contract between BLM and the Boysens for the sale of the Boysen Property. Likewise, we hold that summary judgment was properly granted in favor of the Boysens on BLM's statutory fraud claim and, to the extent BLM seeks benefit-of-the-bargain damages, on its claims of common-law fraud and negligent misrepresentation.

We also hold that, to the extent BLM seeks out-of-pocket damages for its claims of common-law fraud and negligent misrepresentation, the trial court erred when it granted summary judgment in favor of the Boysens. We hold that the trial court also erred when it granted summary judgment against BLM on its claim of conversion because the Boysens failed to negate an essential element of the claim. Finally, we hold that BLM's issue with respect to tortious interference with a contract against Mid-Tex has been waived.

## VI. *This Court's Ruling*

The judgment of the trial court is affirmed in part and reversed in part. We remand the cause to the trial court for further proceedings in accordance with this opinion.

MIKE WILLSON

JUSTICE

March 31, 2014

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.