**AFFIRM; and Opinion Filed March 1, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-01313-CV

**MOHAMED AHMED, Appellant**
**V.**
**CHARLES KAGUMA, MARY MBOGO, AND MARTIN NGANGA, Appellees**

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-15864**

## MEMORANDUM OPINION

Before Justices Bridges, Brown, and Whitehill
Opinion by Justice Brown

This case involves ownership of property located in city block 513 on Ross Avenue in Dallas and used for an auto repair business. Mohamed Ahmed sued appellees Charles Kaguma, Mary Mbogo, and Martin Nganga seeking to be declared the owner of the property. Appellees moved for summary judgment on res judicata and collateral estoppel grounds, and the trial court granted their motion. In two issues, Ahmed contends appellees were not entitled to summary judgment on either affirmative defense. We affirm.

In December 2016, Ahmed filed the instant suit against appellees. Ahmed alleged that in 1991 he entered into a partnership with them for the purpose of acquiring the property in question. Ahmed provided the down payment. Mbogo agreed to contribute equipment and money for working capital, and Kaguma and Nganga agreed to work for the business in exchange for an

ownership interest in the property. Kaguma and Nganga would forfeit their interests if they did not work for at least ten years. Ahmed alleged Mbogo did not contribute equipment or money and Kaguma and Nganga did not work for the requisite amount of time. Ahmed asserted two causes of action, "purchase money security interest" and declaratory judgment. According to Ahmed, the transactions between the parties created a purchase money resulting trust, "which is implied at law when someone, other than the person in whose name title is taken, pays the purchase price of the property." Ahmed alleged that because appellees did not contribute to the purchase of the property, any interest they had in it was as a trustee for Ahmed's benefit as the equitable owner of the property. Under this theory, he was the fee simple owner of the property. Ahmed sought a judgment declaring that he holds "fee simple title, with all rights of title, possession and ownership in the Property" and that appellees have disclaimed all rights in the property.

The case was initially assigned to the 160th Judicial District Court of Dallas County. In their answer, appellees asserted the case was subject to transfer under Dallas County local rule 1.06. *See* DALLAS CTY. LOC. R. 1.06. Appellees argued the case should be transferred to the 101st Judicial District Court of Dallas County because it was related to a case pending in that court, *Hinga Mbogo v. Mohamed Ahmed.* The judge of the 160th Judicial District Court transferred the case to the 101st Judicial District Court.

In July 2017, appellees filed a traditional motion for summary judgment. They asserted that as a matter of law Ahmed's lawsuit was barred by the affirmative defenses of res judicata and collateral estoppel. In February 2017, the trial court rendered a final judgment in the lawsuit between Ahmed and Hinga Mbogo, who is Mary Mbogo's brother, and appellees argued that all claims and issues raised by Ahmed in the second suit had already been litigated.

Appellees' summary judgment evidence included documents from the prior lawsuit, which Hinga initiated against Ahmed and which involved the same property. Hinga claimed that

appellees had transferred their interest in the property to him and that he adversely possessed the property against Ahmed. Ahmed asserted several counterclaims, including "purchase money resulting trust" and a declaratory judgment action. In his pleadings, Ahmed alleged Hinga had approached him about going in on Hinga's auto repair business and acquiring the property. As in this case, Ahmed alleged he entered into a partnership with appellees to acquire the property. Ahmed alleged Hinga made several false representations on which Ahmed relied in entering into a partnership with appellees. Ahmed asserted the transactions between him and Hinga, "as agent with actual or apparent authority for" appellees, created a purchase money resulting trust. Ahmed alleged Hinga did not contribute to the purchase of the property and was not a partner in the partnership that acquired the property. He also alleged that the partners—appellees Mary Mbogo, Kaguma, and Nganga—did not contribute to the purchase of the property and held their interest as trustees for his benefit as the equitable owner of the property. Ahmed alleged he was the fee simple owner of the property because he paid "all monetary consideration" for the purchase of the property and sought a declaration to that effect.

In the suit against Hinga, Ahmed sought leave to file a third-party petition against appellees. Ahmed acknowledged in his motion for leave that the "fundamental issue in this litigation is the ownership of the real property located in city block 513 of Dallas, Texas purchased by a partnership between" himself and appellees. In a proposed third-party petition attached to his motion, Ahmed asserted claims for "purchase money resulting trust" and declaratory judgment. Hinga asked the court to deny the motion for leave. The parties agree no third-party petition was filed. Ahmed maintains the court denied his motion, while appellees state that Ahmed "abandoned his third-party petition without obtaining a ruling from the trial court."

Appellees' summary judgment evidence in this case included a December 2016 summary judgment order and the February 2017 final judgment in the case between Ahmed and Hinga. The

trial court granted Hinga's motion for partial summary judgment on several of Ahmed's counterclaims, including his declaratory judgment claim. A jury trial was held in January 2017, and Hinga's adverse possession claim was submitted to the jury. The jury was asked, "Did Hinga Mbogo oust Mohamed Ahmed and hold the Property in peaceable and adverse possession for a period of at least ten years before June 3, 2015?" The jury answered "Yes." Appellant's claim for purchase money resulting trust, which was not disposed of in the summary judgment order, was not submitted to the jury. In its final judgment, the court ordered that Hinga is the fee simple owner of the property and that Ahmed has no real property ownership interest in the property. Further, the court found that all other owners of the property previously deeded their interest in the property to Hinga. The final judgment ordered that Ahmed take nothing on his claims. Ahmed appealed to this Court, and we affirmed the trial court's judgment. [1] *See Ahmed v. Mbogo*, No. 05-17-00457-CV, 2018 WL 3616887, at *1 (Tex. App.—Dallas July 30, 2018, pet. filed) (mem. op.).

In this case, the trial court granted appellees' motion for summary judgment. The court's order does not specify whether the motion was granted on res judicata grounds, collateral estoppel grounds, or both. The court ordered that Ahmed take nothing on his causes of action for declaratory judgment and purchase money security interest.

We first address Ahmed's second issue, in which he asserts the trial court erred in granting summary judgment on collateral estoppel grounds. He argues appellees did not meet their burden to establish any elements of that affirmative defense.

We review the trial court's decision to grant a summary judgment by well-known standards. In our de novo review, we determine whether the moving party has established its right to judgment as a matter of law, considering the evidence in the light most favorable to the

---

[1] In that appeal, Ahmed complained of the trial court's failure to submit questions to the jury on his purchase money resulting trust claim. We held that he failed to preserve error regarding his proposed jury questions. *Ahmed*, 2018 WL 3616887, at *8–9.

nonmovant. *See Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013); *Haddock v. Gruber*, No. 05-16-01113-CV, 2018 WL 1417453 at *4 (Tex. App.—Dallas Mar. 22, 2018, pet. denied) (mem. op.). A movant seeking traditional summary judgment on an affirmative defense has the initial burden of establishing entitlement to judgment as a matter of law by conclusively establishing each element of the affirmative defense. *Lam v. Nguyen*, 335 S.W.3d 786, 789 (Tex. App.—Dallas 2011, pet. denied); *see* TEX. R. CIV. P. 166a (b), (c). A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *Lam*, 335 S.W.3d at 789. If the movant meets its burden, the burden then shifts to the nonmovant to present evidence raising a genuine issue of material fact as to one or more elements of the affirmative defense, precluding summary judgment. *Id.*

The doctrine of collateral estoppel precludes relitigation of ultimate issues of fact actually litigated and essential to the judgment in a prior suit. *Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 801 (Tex. 1992); *Tarter v. Metro. Sav. & Loan Ass'n*, 744 S.W.2d 926, 927 (Tex. 1988). "[T]he term 'ultimate issue' does not refer to a cause of action or a claim." *Haddock*, 2018 WL 1417453, at *8 (quoting *Tarter*, 722 S.W.2d at 928). Collateral estoppel applies when the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior suit. *Tarter*, 744 S.W.2d at 927. Collateral estoppel is designed to promote judicial efficiency, protect parties from multiple lawsuits, and prevent inconsistent judgments by precluding relitigation of issues. *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 802 (Tex. 1994). A party seeking to assert the affirmative defense of collateral estoppel must establish three things: (1) the facts sought to be litigated in the second action were fully and fairly litigated in the prior action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action. *Eagle Props., Ltd. v. Scharbauer*, 807 S.W.2d 714, 721 (Tex. 1990). For collateral estoppel purposes, an issue is actually litigated when it was properly

raised by the pleadings, submitted for determination, and determined. *Sprowl v. Taylor*, No. 05-01-01140-CV, 2003 WL 57743, at *3 (Tex. App.—Dallas Jan. 8, 2003, pet. denied) (mem. op.); *see Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 521–22 (Tex. 1998) (citing RESTATEMENT (SECOND) OF JUDGMENTS § 27 cmt. d (1982)); *Van Dyke v. Boswell, O'Toole, Davis & Pickering*, 697 S.W.2d 381, 384 (Tex. 1985). No actual courtroom confrontation is required. *Sprowl*, 2003 WL 57743, at *3; *see Mendez v. Haynes Brinkley & Co.*, 705 S.W.2d 242, 245–46 (Tex. App.—San Antonio 1986, writ ref'd n.r.e.) (upholding collateral estoppel based on prior default judgment).

Regarding the first element, Ahmed contends that because his claims against Hinga for declaratory judgment and purchase money resulting trust were not submitted to the jury, the facts he sought to litigate in this case were not fully and fairly litigated in the prior case. It is immaterial that Ahmed's specific claims in the second suit were not submitted to the jury in the prior action. For one thing, Ahmed's claims against Hinga for declaratory judgment and purchase money resulting trust, which are virtually identical to his claims in this case, although not submitted to the jury, were determined in the prior action. The trial court granted summary judgment for Hinga on Ahmed's declaratory judgment action, and Ahmed's purchase money resulting trust claim was disposed of when it was not included in the jury charge. The prior judgment orders that Ahmed take nothing on his claims. Even so, for collateral estoppel purposes, we look not at the particular claims raised, but at what the ultimate issue is. *See Haddock*, 2018 WL 1417453, at *8. The ultimate issue in this case is whether Ahmed owned the property in question. That issue was actually litigated in the prior lawsuit. Hinga sued Ahmed to claim ownership of the property by adverse possession, and Ahmed counterclaimed to be declared the sole owner of the property because he paid all monetary consideration for its acquisition. In its final judgment in the case against Hinga, the court ordered that Ahmed has no ownership interest in the property and found

that appellees had deeded their interest in the property to Hinga. Ahmed's theory of ownership was raised by his pleadings and determined against him. *See Sprowl*, 2003 WL 57743, at *3.

In this case, the relief Ahmed seeks is to be declared the fee simple owner of the property. A judgment in his favor would necessarily be inconsistent with the earlier judgment divesting him of any ownership interest in the property. *See Tarter*, 744 S.W.2d at 928 (collateral estoppel applies when relitigation could result in an inconsistent determination of same ultimate issue). Appellees established the first element of collateral estoppel, namely that the ultimate issue of fact—who owned the property—was fully and fairly litigated in a prior action.

Ahmed also asserts that appellees failed to establish the second element of collateral estoppel, that the facts at issue here were essential to the judgment in the first action. Ahmed contends the prior judgment revolved around Hinga's adverse possession claim, not Ahmed's claims, which were not submitted to the jury. The ultimate issue of ownership of the property was central to the judgment in the prior lawsuit. As Ahmed himself stated in this motion for leave to file a third-party petition in the prior action, the "fundamental issue in this litigation is the ownership of the real property located in city block 513 of Dallas, Texas." That judgment awarded Hinga the property and divested Ahmed of his interest in the property. Appellees satisfied the second element of collateral estoppel.

Finally, Ahmed contends he and appellees were not cast as adversaries in the prior suit. Citing Hinga's response to Ahmed's motion for leave to file a third-party petition, Ahmed argues Hinga prevented Ahmed and appellees from being cast as adversaries. Ahmed fails to acknowledge case law permitting a party in a subsequent suit to invoke collateral estoppel even if he was not a party to the first suit. *See, e.g., Better Bus. Bureau of Metro. Houston, Inc. v. John Moore Servs., Inc.*, 500 S.W.3d 26, 44–45 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). Strict mutuality of parties is not required. *Sysco Food*, 890 S.W.2d at 801. It is only necessary

that the party *against whom* the doctrine of collateral estoppel is asserted was a party or in privity with a party in the first action. *Id.* at 802; *In re J.A.C.*, No. 05-17-00768-CV, 2018 WL 2191604, at *5 (Tex. App.—Dallas May 14, 2018, no pet.) (mem. op.); *Schoen v. Redwood Constr., Inc.*, No. 01-09-00371-CV, 2011 WL 478563, at *4 (Tex. App.—Houston [1st Dist.] Jan. 31, 2011, no pet.) (mem. op.). Appellees asserted the doctrine of collateral estoppel against Ahmed; Ahmed was the defendant and counter-plaintiff in the first action in which he was divested of his property rights. The third element was satisfied.

The trial court did not err in granting summary judgment for appellees on collateral estoppel grounds. We overrule Ahmed's second issue. In light of our conclusion that summary judgment was proper on collateral estoppel grounds, we need not reach Ahmed's first issue, which involves res judicata.

We affirm the trial court's order.

/Ada Brown/
ADA BROWN
JUSTICE

171313F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MOHAMED AHMED, Appellant

No. 05-17-01313-CV     V.

CHARLES KAGUMA, MARY MBOGO,
and MARTIN NGANGA, Appellees

On Appeal from the 101st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-16-15864.
Opinion delivered by Justice Brown,
Justices Bridges and Whitehill
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees CHARLES KAGUMA, MARY MBOGO, MARTIN NGANGA recover their costs of this appeal from appellant MOHAMED AHMED.

Judgment entered this 1st day of March 2019.